# GEORGE J. JOHNSON v. CLAS FREBERG AND OTHERS. ALVIN L. NASH, INTERVENER.[1]

December 13, 1929.

No. 27,347.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for plaintiff-appellant.

*Bessesen & Bessesen,* for intervener-appellant.

*Smith & Callahan* and *John A. Nordin,* for respondents.

[1]Reported in 228 N. W. 159.

Olsen, C.

Appeal by plaintiff and intervener from an order denying their motion for a new trial.

Plaintiff brings the action against Clas Freberg and Fredericka Freberg, husband and wife, and Eastern Realty Company, as defendants. For brevity Clas and Fredericka Freberg will hereinafter be referred to as the defendants unless otherwise indicated. Plaintiff seeks to recover judgment against the defendants for their failure to pay three mortgages given by him upon a Wisconsin farm, which he sold, or traded, and conveyed to defendants, with an agreement and clause in the deed whereby they assumed and agreed to pay the mortgages. Plaintiff further seeks to have conveyances by the defendants of certain real properties in Minneapolis to Eastern Realty Company set aside as fraudulent as to creditors, as having been made without consideration, and made and accepted with the fraudulent intent of evading their liability on these mortgages. He also seeks to enjoin defendants and Eastern Realty Company from further transferring such properties. The intervener, Alvin L. Nash, is the present holder of one of the Wisconsin mortgages and joins with plaintiff, seeking like relief so far as his mortgage is concerned. In an action in Wisconsin, wherein the present plaintiff and these defendants and others are defendants, the mortgagees in these mortgages have obtained a judgment for the foreclosure of all the mortgages and the appointment of a receiver to collect all rents and profits from the farm pending the action. At the time of the trial of the present action there had been no sale of the Wisconsin farm under said judgment. If upon such sale a deficiency arises, the mortgagees, or the one of them whose mortgage is not satisfied by such sale, will be entitled to a deficiency judgment in the Wisconsin court against the present plaintiff and the defendants. Plaintiff and intervener claim that such deficiency judgment will result.

The defendants by their answer set up fraud as a defense alleging that the plaintiff made false and fraudulent representations to them as to the character, quality and value of the Wisconsin farm; that

they had not agreed to assume payment of the mortgages and that plaintiff had fraudulently and without their knowledge inserted in the contract and deed the clause whereby they assumed and agreed to pay the mortgages; that they were deceived and induced by such fraud to make the trade in question; that the farm was not worth as much as the encumbrances thereon; and that they were damaged in the sum of $20,000, which they asked to recover.

The court made findings of fact and as conclusions of law therefrom found that neither party was entitled to any relief in this action, and awarded costs to defendants. As the basis for its decision the court found substantially as follows: That in the exchange of properties in question, consummated on August 1, 1925, the plaintiff transferred the Wisconsin farm to defendants in exchange for property in Minneapolis known as the Monten Apartments; that the Wisconsin farm was of the value of $27,825, and the mortgages thereon, assumed by the defendants, amounted to $40,000, or $12,175 more than the value of the farm; that the Monten Apartments were of the value of $85,000, and the encumbrance thereon amounted to $60,000, which plaintiff assumed; that in addition to conveying the Wisconsin farm plaintiff paid defendants $14,500 in money. In that situation, if required to pay the mortgages upon the Wisconsin farm, the defendants will sustain a loss of $22,675.

The court further found that plaintiff was thoroughly familiar with the Wisconsin farm and its value and well informed as to the Monten Apartments and their value; that defendant Clas Freberg, who conducted the negotiations for defendants, was a man of very limited education, of foreign birth, and deficient in his use and understanding of the English language; that as a dairy farmer he had accumulated a substantial amount of property and was not without experience in the purchase, sale and exchange of real property; that he is a man of the ordinary intelligence of a small farmer or artisan, but is not and was not at the time competent to conduct such negotiations as are here in question, or to form a correct or reliable opinion as to the advantage or disadvantage to

himself and wife of such an exchange of properties, or to appreciate the full import of the legal instruments by which the exchange was effected without advice from more experienced and better informed persons, which he did not have; that plaintiff is a banker and a man of long and extensive experience in real estate transactions; that while it cannot be found that plaintiff or his agent was guilty of such concealment or misrepresentation as constitutes legal fraud, either as to the terms of the exchange or the character and value of the Wisconsin land, they were guilty of inequitable conduct, and defendants were overreached and wronged in the transaction in that they were knowingly induced to make an exchange of properties which was to their great disadvantage and loss; and that plaintiff does not "come into court with clean hands."

█ Appellants present two questions, which may conveniently be considered together: (1) That the findings of the court, to the effect that there was such inequitable conduct and overreaching on the part of the plaintiff that he does not come into court with clean hands and should be denied relief, are not sustained by the evidence; (2) that the facts so found, even if sustained, are not sufficient to sustain the conclusion of law that plaintiff is not entitled to recover.

It is argued in this connection that the suit is mainly an action at law and that equitable rules do not apply. We have no difficulty in agreeing with the trial court that the action is in equity and that rules of equity apply.

The equity rules, that he who seeks equity must do equity and that he who comes into equity must come with clean hands, are recognized and followed by all the courts. The application of those rules to the facts in any particular case is not without difficulty. The limits of the rules are not well defined. These rules or maxims operate to deny relief to or from conduct which is fraudulent, illegal or unconscionable. The misconduct need not be of such a nature as to be actually fraudulent or constitute a basis for legal action. The plaintiff may be denied relief where his conduct has been unconscionable by reason of a bad motive, or where the result

598

induced by his conduct will be unconscionable either in the benefit to himself or the injury to others. 21 C. J. 180-184; 1 Pomeroy, Eq. Jur. (4 ed.) §§ 397, 404; Larscheid v. Kittell, 142 Wis. 172, 125 N. W. 442, 20 Ann. Cas. 576. The rules are clearly stated in Ross v. Carroll, 156 Minn. 132, 194 N. W. 315, and in other cases in this court.

Inadequacy of consideration, standing alone, is not sufficient to establish unconscionable conduct unless it is so great as to shock the conscience, or, as stated in 2 Pomeroy, Eq. Jur. (4 ed.) § 928, cited by appellants:

"If there is nothing but mere inadequacy of price, the case must be extreme, in order to call for the interposition of equity. Where the inadequacy does not thus stand alone, but is accompanied by other inequitable incidents, the relief is much more readily granted."

As found by the court in the present case, the inadequacy of consideration was great, but does not stand alone. The defendants presented evidence as to misrepresentations made by plaintiff as to a number of material facts regarding the quality, character and value of the Wisconsin land. The court did not find that these representations were not made, but merely that they did not constitute legal fraud. Misrepresentations as to the value of property generally do not constitute actionable fraud. As to the representations of the quality and condition of the land, while not so stated, it is probable that the court considered that, because defendants made some examination of the land and had ample opportunity so to do, there was no actionable fraud in that respect. But these considerations do not materially aid the plaintiff. His hands were not cleansed by the fact that defendants were in a situation where they had no legal remedy. The purpose of these equity rules is to deny relief to the party guilty of unconscionable conduct even where the party injured has no legal remedy. Where the one injured has an adequate remedy at law, there is little or no occasion for the application of equitable rules. The court in its findings and decision properly took all these things into consideration. It further found, as before stated, that plaintiff was in a much supe-

rior position in the way of knowledge of the situation, experience and business ability, and that defendant Clas Freberg, who acted for defendants, had but limited experience, ability and understanding of the transaction. This, although there was no relation of trust or confidence, might well be taken into consideration. 2 Pomeroy, Eq. Jur. (4 ed.) § 928. Plaintiff testified that his main purpose in disposing of the farm was to get some responsible person to assume and agree to pay the mortgages thereon. The inference might reasonably be that he knew that the encumbrances were such as to render ownership of the farm at least burdensome and unprofitable, if not in excess of the value thereof.

Upon the entire record as here presented, we cannot say that the findings and conclusions of the trial court are not sufficiently sustained by the evidence.

■ It is urged that defendants have waived their right to any equitable relief. The court we think correctly held this claim not tenable because no equitable relief was here granted to defendants. There is however this statement in 21 C. J. 189:

"The conduct of the other party may be sufficient to prevent the maxim from being applied, as where plaintiff's misconduct toward defendant was  *  *  *  waived."

We do not find evidence in the record sufficient to constitute such waiver. Defendants entered into possession of the farm and attempted to farm it and within a few months discovered that it was not as represented. They then sold their equity therein for a price which apparently paid them nothing more than what they had expended in placing stock and improvements thereon. It is claimed in this connection that because defendants did not rescind the exchange or contract but retained possession and sold the farm they cannot now defend on the ground of plaintiff's fraud or inequity. Our own case of Becker v. Nelson, 164 Minn. 367, 205 N. W. 262, and other cases in this court, establish the rule that a defrauded party need not rescind but may affirm and sue for damages, or he may wait until the other party sues on the contract and then set

up fraud and resulting damages as a defense or by way of recoupment. That rule applies in this case.

■ The court found that defendants' conveyances of certain other property to the Eastern Realty Company were made without consideration and with intent to avoid the payment of any indebtedness which defendants might thereafter be found responsible for on account of their having assumed the mortgages on the Wisconsin farm. It is urged that, defendants having themselves been guilty of fraud or inequitable conduct in these later and different transactions, their hands are not clean and they are entitled to no relief. No affirmative relief was granted, and the rule that where both parties to a transaction are guilty of fraud or unconscionable conduct equity will grant relief to neither applies here.

■ Plaintiff, before the trial of this action, had renewed a mortgage for $25,000 on the apartment property received by him, and had paid $15,300 on the contract indebtedness thereon. The apartment property, as found by the court, was worth $25,000 over and above the encumbrances thereon, which plaintiff had assumed. In reducing the encumbrances, he had increased the value of his equity to that extent and had suffered no detriment but had bettered his position.

All assignments of error have been examined and considered.

Order affirmed.