**CITIZENS STATE BANK OF CLARA CITY, Petitioner, Respondent,**

v.

**Eva Lee WALLACE, et al, Appellants.**

**No. CX–91–776.**

Court of·Appeals of Minnesota.

Nov. 26, 1991.

Eva Lee Wallace, pro se.

L. Wayne Larson, Willmar, for respondent.

Considered and decided by KLAPHAKE, P.J., RANDALL and CRIPPEN, JJ.

## OPINION

RANDALL, Judge.

Respondent moved for a temporary injunction. The trial court denied appellants' request for case reassignment, denied appellants' request for a continuance, heard respondent's motion on the merits, and granted a temporary injunction. We reverse and remand.

## FACTS

On Thursday, April 18, 1991, respondent served appellants with notice of a temporary injunction hearing scheduled for Monday, April 22, 1991. Respondent did not obtain an order to show cause.

Approximately thirty minutes prior to the April 22 hearing, appellants filed a notice of removal. The trial court rejected appellants' notice of removal stating:

> Before we proceed I do note that, this morning, shortly before the hearing, I guess within the last half hour or so, a notice to remove me as Judge in this case was filed by [appellants], however this is not timely notice because it does not comply with the rules for filing these notices.

Appellants then requested a continuance because their attorney was unable to attend the hearing. The trial court denied this request, proceeded with the hearing, and granted respondent's request for a temporary injunction.

## ISSUES

1. Did the trial court err by rejecting appellants' notice of removal as untimely?

2. Did the trial court err by hearing a motion for a temporary injunction on less than five days notice?

## ANALYSIS

### I.

■ Whether a removal notice complies with Minn.R.Civ.P. 63.03 is a question of law. This court, therefore, need not defer to the trial court on this issue. *Knut Co. v. Knutson Const. Co.*, 433 N.W.2d 149, 151 (Minn.App.1988).

■ Minn.R.Civ.P. 63.03 mandates case reassignment when a removal notice is filed in compliance with the rule's requirements. *Jones v. Jones*, 242 Minn. 251, 261, 64 N.W.2d 508, 514 (1954) *cited in McClelland v. Pierce*, 376 N.W.2d 217, 219 (Minn. 1985). A properly filed removal notice divests the trial court of further jurisdiction. *McClelland*, 376 N.W.2d at 219. Failure to honor a proper removal notice is reversible error requiring a new hearing. *Ellis v. Minneapolis Comm'n on Civil Rights*, 295 N.W.2d 523, 525 (Minn.1980).

■ The requirements of Rule 63.03 are to be liberally construed to safeguard both in fact and in appearance the constitutional right to a fair and impartial hearing. *Ellis*, 295 N.W.2d at 524–25. Rule 63.03 requires a removal notice be served and filed:

> within 10 days after the party receives notice of which judge is to preside at the trial or hearing, but not later than the commencement of the trial or hearing.

Minn.R.Civ.P. 63.03. Notice of removal must be filed before a hearing begins. 2A D. Herr & R. Haydock, *Minnesota Practice* § 63.13, at 403 (1985).

■ The trial court's comments confirm that appellants' removal notice was filed before the hearing commenced. This filing complies with the requirement that notice be filed before the hearing starts. The trial court erred by rejecting appellants' removal notice as untimely. On remand, the chief judge must assign a different judge to this case.

### II.

Although we need not reach the second issue, whether appellants received proper notice of the temporary injunction hearing, we will discuss it.

■ Unless a moving party obtains an order to show cause, a temporary injunc-

tion hearing requires five days notice. Minn.R.Civ.P. 6.04; 2A D. Herr & R. Haydock, *Minnesota Practice* § 65.14, at 429 (1985). It is undisputed respondent served one of the appellants on a Thursday and the hearing was held on the following Monday. Appellants were entitled to five days notice. Respondent argues that if one counts Thursday, Friday, Saturday, Sunday, and Monday, then appellants received five days notice. When less than seven days notice is required, intermediate Saturdays, Sundays, and legal holidays are excluded. Minn.R.Civ.P. 6.01. Also, you do not count the day of service in computation. *Id.* Thus, after proper calculation, appellants received only two days notice. This notice does not comply with Rule 6.04.

Appellants received only two days notice and appeared without counsel. Appellants' counsel was unable to appear at the hearing because of a legitimate scheduling conflict. The trial court denied appellants' request for a continuance. Appellants were prejudiced by respondent's failure to comply with Rule 6.04. Appellants, acting pro se, did not waive the five day notice requirement by appearing at the Monday hearing and attempting to argue their position when their motion of a continuance was denied.

Although appellants were able to hastily prepare a countermotion, their right to adequate notice was violated. Hearing respondent's motion on two days notice violated appellant's right to due process. Failure to comply with notice requirements for a temporary injunction may violate due process. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters* 415 U.S. 423, 432 n. 7, 94 S.Ct. 1113, 1121 n. 7, 39 L.Ed.2d 435 (1974). The notice requirement contained in the Federal Rules implies a hearing in which the defendant is given a fair opportunity to oppose the motion and to prepare for such opposition. *Id.* This court has held one day notice may not provide a party enough time to prepare opposition. *Sudheimer v. Sudheimer,* 372 N.W.2d 792, 794–95 (Minn.App.1985). Given the defect in notice, the trial court erred by hearing the motion on its merits.

## DECISION

The trial court erred by refusing to honor the notice of removal filed shortly before the motion hearing. In addition, respondent failed to give adequate notice of the hearing, and appellants did not waive the notice defect by appearing pro se at the hearing.

Reversed and remanded.