In re the Marriage of Susan Janel
RUMACHIK, Petitioner,
Respondent,

v.

Jeffrey David RUMACHIK, Appellant.

No. C8–92–1354.

Court of Appeals of Minnesota.

Dec. 29, 1992.

Review Denied Feb. 25, 1993.

Daniel W. Hergott, Dunkley, Bennett & Christensen, P.A., Minneapolis, for respondent.

Theodore D. Dooley, Minneapolis, for appellant.

Considered and decided by SCHUMACHER, P.J., HUSPENI and AMUNDSON, JJ.

## OPINION

HUSPENI, Judge.

Respondent Susan Rumachik dismissed her Hennepin County dissolution action under Minn.R.Civ.P. 41.01(a). After receiving the notice of dismissal, appellant Jeffrey Rumachik served and filed an answer and counterpetition with a motion for Hennepin County to retain jurisdiction over the dissolution. The referee denied appellant's motion and awarded attorney fees to respondent under Minn.R.Civ.P. 11. Appellant challenges the trial court's review order confirming the rule 11 sanctions. We affirm.

## FACTS

In September 1990, when both parties were residents of Hennepin County, respondent served appellant with a dissolution petition. Appellant's attorney requested an indefinite extension of the time to respond to the petition because the parties apparently agreed on most issues. Respondent did not formally reply to the request, but the parties continued negotiations regarding the remaining issues.

Respondent and the parties' children moved to Wisconsin in January 1991 with appellant's written consent. In March 1991, respondent requested that appellant provide a draft marital termination agreement (MTA) or a formal answer to the petition. Appellant sent a letter to respondent outlining provisions for the MTA. Respondent did not accept the suggested provisions and negotiations continued.

In early October 1991, appellant moved to Illinois. On October 16, 1991, respondent served appellant's attorney with a notice of dismissal which specifically stated appellant had not yet filed an answer or counterpetition. On October 25, 1991, appellant served and filed his answer and counterpetition in Hennepin County. Appellant indicated in his answer that he resides in Illinois and that respondent resides in Wisconsin. Appellant filed a motion with the answer and counterpetition opposing respondent's dismissal of her petition and requesting Hennepin County retain jurisdiction over the dissolution.

In early November 1991, respondent initiated a dissolution action in Wisconsin and the parties participated in a hearing in that action on November 14, 1991. On or about December 14, 1991, appellant served and filed a pro se answer in the Wisconsin proceeding.

On February 14, 1992, respondent served and filed a motion in Hennepin County for an order dismissing appellant's answer and counterpetition and denying his motion to retain jurisdiction. Respondent also requested an award of attorney fees incurred in responding to appellant's "frivolous" motion. In his February 14, 1992, affidavit in support of the motion, respondent's counsel

indicated that appellant had appeared in the Wisconsin dissolution proceeding and had served a pro se answer.

Counsel for both parties appeared at the February 21, 1992, hearing before a Hennepin County family court referee on appellant's motion to retain jurisdiction. By order on February 28, the referee denied appellant's motion and awarded respondent $693 for attorney fees under Minn.R.Civ.P. 11. The order required appellant and his attorney to each pay half the award.[1]

Appellant noticed review of the referee's order, and the trial court confirmed the order in all respects. In this appeal, appellant seeks review only of the rule 11 sanctions.

## ISSUE

Did the trial court abuse its discretion in awarding attorney fees under Minn. R.Civ.P. 11?

## ANALYSIS

All aspects of the trial court's rule 11 determination are reviewed under an abuse of discretion standard. *Uselman v. Uselman*, 464 N.W.2d 130, 145 (Minn.1990).

Minn.R.Civ.P. 11 provides that the signature of an attorney or party on a pleading, motion or other paper constitutes a certification that

to the best of the signer's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

If a pleading, motion or other paper is signed in violation of the rule, the court shall impose an appropriate sanction, which may include reasonable attorney fees. *Id.*

Sanctions are not appropriate merely because a party did not prevail on the merits. *Radloff v. First American Nat'l Bank*, 470 N.W.2d 154, 157 (Minn.App. 1991), *pet. for rev. denied* (Minn. July 24, 1991).

A rule 11 sanction should not be imposed when counsel has an objectively reasonable basis for pursuing a factual or legal claim or when a competent attorney could form a reasonable belief a pleading is well-grounded in fact and law.

*Uselman,* 464 N.W.2d at 143.

In this case, appellant objected to respondent's dismissal of her Hennepin County petition on the ground that respondent participated in settlement negotiations in bad faith, in an effort to deceive appellant into not filing a formal answer or counter-petition. The referee found that Minn.R.Civ.P. 41 permitted the voluntary dismissal because appellant had not served any pleadings at the time respondent served the notice of dismissal. The referee also found that neither party resides in Minnesota and that appellant had already submitted to the jurisdiction of the Wisconsin court in the dissolution proceeding pending there. The referee concluded that appellant's motion was contrary to existing law and was not grounded in fact.

The trial court did not abuse its discretion in adopting the referee's conclusion. Under Minn.R.Civ.P. 41.01, the plaintiff is given an "absolute right" to dismiss an action within the period prescribed merely by filing notice of dismissal, unless a provisional remedy has been allowed, a counterclaim has been made, or affirmative relief has been demanded in the answer. *Rhein v. Rhein*, 244 Minn. 260, 262, 69 N.W.2d 657, 659 (1955). Nor did the trial court err in concluding that appellant lacked an objectively reasonable basis to request vacation of respondent's notice of dismissal. There was no dispute that the

---

1. Although it appears that on appeal both appellant and his attorney challenge the award of rule 11 attorney fees, appellant's attorney did not file an appeal on his own behalf. However, we adopt here the rationale of *Radloff v. First Am. Nat'l Bank of St. Cloud,* 470 N.W.2d 154,

156 (Minn.App.1991), *pet. for rev. denied* (Minn. July 24, 1991):

While we do not advocate bypassing proper procedures, we will, to move this protracted litigation along, allow [the attorney's] appeal in conjunction with [appellant's].

conditions permitting unilateral dismissal without court order under rule 41.01(a) were met. Further, it was also unreasonable for appellant to pursue his motion to retain jurisdiction in Hennepin County. Neither party resided in Minnesota when appellant made the motion. Appellant, in fact, already had served an answer in the Wisconsin dissolution proceeding brought by respondent.

 Since one of the primary purposes of rule 11 is to deter litigation abuse, the attorney or party must have fair notice of both the possibility of a sanction and the reason for its proposed imposition. *Uselman,* 464 N.W.2d at 143. The attorney or party must also be given an opportunity to respond to the notice of a possible rule 11 sanction. *Id.* at 144. In this case, respondent notified appellant and the referee in writing prior to the February 21, 1992, hearing that she would seek an award of attorney fees incurred in responding to appellant's "frivolous" motion. We conclude, therefore, that respondent adequately complied with the *Uselman* procedural requirements.

Our supreme court has cautioned that rule 11 should be construed narrowly to avoid deterring legitimate or arguably legitimate claims. *Uselman,* 464 N.W.2d at 142. The court should impose the least severe sanction necessary to effectuate the purpose of deterrence. *Id.* at 145. We review the record before us with the concerns expressed by the *Uselman* court that legitimate claims not be discouraged and that the level of sanctions be appropriate. Nonetheless, we conclude that the modest award of attorney fees in this case was within the discretion granted to the trial court in rule 11 matters.[2]

Respondent is entitled to a modest award of attorney fees on appeal. The award shall be made under separate order.

**2.** While recognizing that rule 11 sanctions are available against an attorney, a party, or both, we note that Minn.Stat. § 518.14 (1990) authorizes an award of attorney fees based on a party's financial need or against a party who unreasonably contributes to the length or ex-

## DECISION

The trial court did not abuse its discretion in ordering attorney fees be paid by appellant and his attorney under Minn. R.Civ.P. 11.

Affirmed.

pense of the proceeding. Availability of this statutory authority causes us to conclude that an award of attorney fees in a marital dissolution action is often more appropriately made pursuant to section 518.14 than rule 11.