**In re the Matter of Barbara R. BURNS.**

**No. CX–95–141.**

Court of Appeals of Minnesota.

Oct. 17, 1995.

Barbara R. Burns, Apple Valley, Pro Se Appellant.

Kevin S. Burke, Chief Judge, Hennepin County District Court, Minneapolis, Pro Se Respondent.

Michael O. Freeman, Hennepin County Attorney, Minneapolis, for Respondent Hennepin County.

Considered and decided by PETERSON, P.J., and PARKER and THOREEN *, JJ.

## OPINION

PETERSON, Judge.

Barbara R. Burns appeals from a district court order that prohibits her for 365 days from making any telephone calls or facsimile transmissions to, or in-person filings with, Hennepin County District Court personnel. The order requires Burns's communications with court personnel to be made in writing and requires Burns to present requests to proceed in forma pauperis within the Fourth Judicial District to the Chief Judge of the District. We reverse and remand.

## FACTS

On December 12, 1994, Hennepin County district court chief judge Kevin S. Burke issued an order to show cause that described appellant Barbara Burns's conduct in several lawsuits that appellant had filed in Hennepin County district court.

The order stated that it had been reported to the court that appellant "has verbally harrassed the employees of Hennepin County on a regular basis," that appellant's "tone of voice over the phone is always antagonistic, and quite often very loud," and that appellant "repeatedly attempts to engage Court personnel in ex parte conversations in efforts to influence pending litigation."

The order quoted one supervisor as saying, "She has waived [sic] objects in the faces of staff while talking to them, she is always threatening, and always abusive to every staff member she encounters. Because she

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

has so many cases with [in forma pauperis status] she is constantly demanding free copies of items she has already received and treats staff like they are her servants." The order did not identify any of the employees who reported appellant's conduct.

The order set a hearing date and ordered:

1. That Barbara Burns must show cause why this Court should not revoke In Forma Pauperis Orders granted to her in the above cases.

2. That Barbara Burns must show cause why she should not be excluded from using the Fourth Judicial District Courts unless her pleadings are approved by either an attorney licensed to practice law in Minnesota or the Chief Judge.

3. That Barbara Burns must show cause why she should not be forbidden from communicating with the employees of the Fourth Judicial District by either phone or fax.

4. That Ms. Barbara Burns must show cause why the remedy for violation of such an Order should not include provisions that any litigation to which she is a plaintiff be dismissed with prejudice, that judgment be entered against her in the event that she is a defendant, and/or that violation of the proposed Order constitutes contempt of court.

Appellant filed a notice to remove Chief Judge Burke from all proceedings "for reasons of bias, and as otherwise provided by rule 63.03 and 63.04, Minn.R. of Civ.P." Before a hearing was held on the order to show cause a hearing to consider the notice to remove was conducted before a judge other than Chief Judge Burke and removal was denied.

Chief Judge Burke presided at the scheduled hearing on the order to show cause. At the hearing, appellant stated that she had a tape recording of a telephone conversation she had with one of Chief Judge Burke's staff members. Appellant stated that the tape recording would confirm her account of what was said during the conversation, but she did not have the tape with her. Chief Judge Burke continued the hearing to give appellant an opportunity to produce the tape and issued an interim order prohibiting appellant from making any telephone calls or facsimile transmissions to Hennepin County District Court personnel and requiring all communications with court personnel to be in writing.

On January 3, 1995, a second hearing was held. Appellant did not bring a copy of the tape with her. At the hearing, Chief Judge Burke produced three faxes, which were allegedly transmitted by appellant to court personnel in violation of the court's interim order. Appellant also admitted that she called Chief Judge Burke's clerk on January 3 to find out the time of the hearing.

On January 5, 1995, the district court issued its final order. The court found that appellant "repeatedly used abusive language when engaging in conversations with District Court staff," that she harassed and abused court personnel through telephone or in-person contact, and that she violated the interim order. Appellant was ordered not to telephone, fax, or make personal filings with the court for one year. The order required all communications with the fourth judicial district to be in writing delivered through the mail or via courier. This appeal followed.

## ISSUES

1. Does the district court have personal jurisdiction over appellant?

2. May the equitable doctrine of unclean hands be invoked to deny plaintiff relief?

3. Does the district court have authority to commence an action to enjoin actions that disrupt performance of the judicial function?

4. Should the district court have honored appellant's notice of removal and reassigned the case?

5. Was appellant denied due process?

6. What documents constitute the record on appeal?

## ANALYSIS

 1. Appellant argues that the district court did not have personal jurisdiction over her because she does not reside in the fourth judicial district. Appellant does not claim that she does not live in Minnesota.

The jurisdiction of a state court "is not limited to any particular county, but exists throughout the state." *Panzram v. O'Donnell,* 48 F.Supp. 74, 78 (D.Minn.1942). Venue is not jurisdictional in Minnesota. *Id.* Venue is proper where the cause of action or some part thereof arose. Minn.Stat. § 542.09 (1994). Allegations in the order to show cause concern conduct that occurred in Hennepin county. The court had personal jurisdiction over appellant.

■ 2. Appellant asserts the equitable defense of unclean hands. The doctrine of unclean hands may be invoked to deny equitable relief to a plaintiff whose conduct has been unconscionable because of bad motive or where the result induced by the plaintiff's conduct would be unconscionable either in benefit to the plaintiff or in injury to others. *Foy v. Klapmeier,* 992 F.2d 774, 779 (8th Cir.1993); *see also Johnson v. Freberg,* 178 Minn. 594, 597–98, 228 N.W. 159, 160 (1929). The record contains no evidence of unconscionable conduct or an unconscionable result warranting denial of relief.

3. As the basis for its authority to issue the order to show cause and the interim and final orders, the district court relied on Minn. Stat. § 484.69, subd. 3 (1994), which provides in part:

> In each judicial district, the chief judge, subject to the authority of the chief justice, shall exercise general administrative authority over the courts within the judicial district.

Appellant contends that a chief judge's administrative and supervisory authority extends only to court employees. Because she is not a court employee, appellant argues, the chief judge's authority does not extend to, and is not binding on, her. She argues that the district court had no authority to conduct a proceeding to enjoin her actions. We disagree.

■ Inherent judicial power may serve as a basis for the actions taken by the district court.

(1) Inherent judicial power grows out of express and implied constitutional provisions mandating a separation of powers and a viable judicial branch of government. It comprehends all authority necessary to preserve and improve the fundamental judicial function of deciding cases.

(2) Inherent judicial power is available to courts on all levels to be used consistent with respective jurisdictions and functions.

(3) Inherent judicial power may not be asserted unless constitutional provisions are followed and established and reasonable legislative-administrative procedures are first exhausted.

(4) When established and reasonable procedures have failed, an inferior court may assert its inherent judicial power by an independent judicial proceeding brought by the judges of such court or other parties aggrieved. Such a proceeding must include a full hearing on the merits in an adversary context before an impartial and disinterested district court. That court shall make findings of fact and conclusions of law in accordance with the standards set forth in this opinion and may grant appropriate relief.

(5) The test to be applied in these cases is whether the relief requested by the court or aggrieved party is necessary to the performance of the judicial function as contemplated in our state constitution. The test is not relative needs or judicial wants, but practical necessity in performing the judicial function. The test must be applied with due consideration for equally important executive and legislative functions.

*In re Clerk of Lyon Co. Courts' Compensation,* 308 Minn. 172, 180–82, 241 N.W.2d 781, 786 (1976).

The allegations in the order to show cause indicate that appellant has made extensive use of the district courts and, in doing so, has interfered with and disrupted the regular operation of the courts. Enjoining actions that disrupt the regular operation of the courts is within the inherent judicial power of the district court if doing so is necessary to the performance of the judicial function.

4. Appellant contends that the district court did not have jurisdiction to conduct the hearing on the order to show cause because she properly filed a removal notice under

Minn.R.Civ.P. 63.02 and 63.03 to remove Chief Judge Burke.

 When a trial judge refuses to honor a removal notice properly filed pursuant to Rule 63.03, any further exercise of judicial power is unauthorized. *McClelland v. Pierce*, 376 N.W.2d 217, 219 (Minn.1985). "Minn. R. Civ. P. 63.03 mandates case reassignment when a removal notice is filed in compliance with the rule's requirements." *Citizens State Bank v. Wallace*, 477 N.W.2d 741, 742 (Minn.App.1991). Failure to honor a proper notice is reversible error requiring a new hearing. *Id.* Whether a removal notice complies with the rules of civil procedure is a question of law, which this court reviews de novo. *Id.*

Minn.R.Civ.P. 63.03 provides in part:

Any party or attorney may make and serve on the opposing party and file with the administrator a notice to remove.

No such notice may be filed by a party or party's attorney against a judge * * * who has presided at a motion or any other proceeding of which the party had notice. A judge * * * who has presided at a motion or other proceeding may not be removed except upon an affirmative showing of prejudice on the part of the judge * * *.

 * * * * * *

Upon the filing of a notice to remove or if a litigant makes an affirmative showing of prejudice against a substitute judge * * * the chief judge of the judicial district shall assign any other judge of any court within the district * * * to hear the cause.

The district court concluded that appellant was not entitled to remove Chief Judge Burke as a matter of right because the underlying basis for the December 12, 1994 order to show cause included various matters in which appellant had previously appeared before Burke.

 Rule 63.03 requires a party to seek removal the first time a judge presides in an action. *Omaha Financial Life Ins. v. Continental Life Underwriters*, 427 N.W.2d 290, 291 (Minn.App.1988), *review denied* (Minn. October 26, 1988). Here, the district court began an independent judicial proceeding when it issued the order to show cause. *See In re Clerk of Lyon*, 308 Minn. at 181, 241 N.W.2d at 786 (stating when exercising inherent judicial power, judge may bring independent judicial proceeding).

Appellant had not previously appeared before Chief Judge Burke in the proceeding commenced by issuing the order to show cause and her notice to remove was properly filed under Minn.R.Civ.P. 63.03. We, therefore, reverse the order denying removal as a matter of right and remand for a new hearing on the merits. *See Citizens*, 477 N.W.2d at 742. Because we conclude that Burns's notice to remove as of right should have been honored, we need not address whether there was a basis for removal for cause.

5. Appellant contends that the district court abused its discretion and she was denied due process of law in the hearing on the order to show cause. Because we are remanding for a new hearing on the merits, we need not address this issue. We choose to address the issue, however, to provide guidance to the district court when conducting the hearing on remand.

 A proceeding asserting the district court's inherent judicial power "must include a full hearing on the merits in an adversary context before an impartial and disinterested district court." *In re Clerk of Lyon*, 308 Minn. at 181, 241 N.W.2d at 786. This proceeding may be initiated by issuing an order to show cause. *See* Minn.R.Gen.P. 116 (stating order to show cause may be issued where court deems it necessary for party to appear in person); Felix F. Stumpf, *Inherent Judicial Powers of the Courts: Sword and Shield of the Judiciary* 65 (1994). The burden of proof rests with the plaintiff. *See Commonwealth ex rel. Carroll v. Tate*, 442 Pa. 45, 274 A.2d 193, 199, *cert. denied*, 402 U.S. 974, 91 S.Ct. 1665, 29 L.Ed.2d 138 (1971), *cited in, In re Clerk of Lyon*, 308 Minn. at 179, 241 N.W.2d at 785.

The hearing conducted by the district court on the order to show cause was not "a full hearing on the merits in an adversary context." The district court was not represented by counsel. No witnesses appeared and no evidence was presented to the court

to prove the allegations made in the order to show cause. The findings of fact in the January 5, 1995, order appear to be based only on complaints made by court personnel to Chief Judge Burke outside the hearing. Appellant was denied an opportunity to confront, cross-examine, or even know the names of the personnel who complained about her.

Because the court's findings of fact must be supported by evidence presented to the court, on remand, the county attorney or other counsel should be relied upon to present evidence to prove the allegations made in the order to show cause. Appellant must also have an opportunity to review evidence submitted at the hearing, cross-examine witnesses, and present evidence and witnesses.

■ 6. Finally, appellant asks this court to accept evidence on appeal, stating that it should have been part of the appellate record. The record on appeal consists of "papers filed in the trial court." Minn.R.App.P. 110.01. Letters dated March 13, 1994 and December 21, 1994, appellant's statement of the case, and her notice of removal were filed with the district court and are part of the record.

An order for proceeding in forma pauperis issued by Judge Lindberg in another action is not part of the record in this action. Appellant's objection to the order to show cause, memorandum of law, and letters dated December 22, 1994, March 15, 1995, and April 11, 1995 were not part of the record and will not be considered on appeal.

Appellant also asks this court to impose sanctions against Chief Judge Burke. We find no merit to appellant's assertion that Chief Judge Burke had ex parte contact with this court and will not impose sanctions.

## DECISION

The district court had personal jurisdiction over appellant. The equitable defense of unclean hands does not apply because there is no evidence in the record that Chief Judge Burke's conduct was unconscionable or produced an unconscionable result. Commencing this action was within the inherent judicial power of the district court. Because the district court failed to honor appellant's properly filed notice to remove as of right, a new hearing is required. The new hearing must be a full hearing on the merits in an adversary context before an impartial and disinterested district court. Items not filed with the trial court are not part of the record on appeal.

**Reversed and remanded.**