*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0822**

In re: The Power of Attorney Granted by Virginia G. Taraldson
dated August 23, 2007 to Kathleen P. Engstrom and First Successor
Mary Ann E. Larson and Revoked January 10, 2012

In re: The Virginia Taraldson Revocable Trust Dated February 28, 2009

**Filed December 27, 2016
Affirmed
Bratvold, Judge**

Hennepin County District Court
File Nos. 27-TR-CV-12-127, 27-TR-CV-13-97

Robert A. Gust, Gust Law Firm, PLLC, Minneapolis, Minnesota (attorney pro se)

Considered and decided by Stauber, Presiding Judge; Worke, Judge; and Bratvold, Judge.

**U N P U B L I S H E D   O P I N I O N**

**BRATVOLD**, Judge

Appellant-attorney challenges the district court's decision to impose sanctions, arguing that (1) the district court lacked authority to impose the sanctions because the sanctions were based on a referee's order filed after a party had objected to a referee hearing contested matters; and (2) the district court abused its discretion in sanctioning appellant. Because the removal notice was not timely under rule 107 of the Minnesota Rules of

General Practice, and the district court did not abuse its discretion in sanctioning appellant for repeatedly relying on outdated and irrelevant caselaw, we affirm.

**FACTS**

On February 28, 2009, Virginia Taraldson, who never married or had children, created a revocable trust naming her nieces, Kathleen Engstrom and Mary Ann Larson, as co-trustees. Engstrom and Larson were also acting as Taraldson's attorneys-in-fact. In January 2012, Taraldson revoked the power-of-attorney she had granted to Engstrom and Larson and amended the trust, removing Engstrom and Larson as co-trustees, and naming a successor trustee.

On August 2, 2012, Engstrom and Larson, through their attorney, appellant Robert Gust, initiated an action in district court (Trust Action), requesting approval of their final accounts, review of Taraldson's appointment of a successor trustee, and continuing court supervision of the trust. Engstrom and Larson alleged that Taraldson had dementia and required care in a memory unit. A referee was assigned to the Trust Action and began conducting proceedings in September 2012.

On July 9, 2013, the district court issued a scheduling order allowing the parties to amend their pleadings, specifically stating that the amendments may include capacity, undue influence, and the "accountings and actions" of Engstrom and Larson as Taraldson's attorneys-in-fact. The scheduling order set a deadline of July 31, 2013 for amended pleadings.

On July 31, 2013, Taraldson filed a "Petition for Order Requiring an Accounting," citing Minnesota Statute section 523.21 (Power-of-Attorney Action); this petition also

2

included a request to consolidate the Power-of-Attorney Action with the Trust Action.[1]

Taraldson's petition was given a new case number and assigned to referee Maus. On August 6, 2013, Engstrom and Larson filed a rule 107 notice, objecting to the Power-of-Attorney Action being heard by a referee. The Power-of-Attorney Action was reassigned to a district court judge.

Gust, on behalf of Engstrom and Larson, filed a motion to dismiss the Power-of-Attorney Action for lack of jurisdiction, arguing that the probate court's "limited" jurisdiction did not extend to a "normal civil action" and a power-of-attorney action. On September 9, 2013, Gust also filed a memorandum in opposition to consolidation, in which he repeated the arguments from the motion to dismiss.

At the hearing on the motion for consolidation, Taraldson argued that the district court had jurisdiction because the probate courts were merged into the district court pursuant to Minnesota Statute section 484.011, and the district court had the authority to hear the Power-of-Attorney Action under Minnesota Statute section 484.70. Taraldson also contended that she filed the Power-of-Attorney Action consistent with the district court's scheduling order in the Trust Action and that consolidation was appropriate because common questions of law and fact were involved in both matters. Finally, Taraldson asserted that Engstrom's and Larson's objection to a referee was improper because referee

---

[1] The Power-of-Attorney Action was captioned as *In the Matter of the Power of Attorney Granted by Virginia G. Taraldson dated August 23, 2007 to Kathleen P. Engstrom and First Successor Mary Ann E. Larson and Revoked January 10, 2012*.

Maus had been "presid[ing] over the trust matter since August 2012" and an accounting of the power of attorney was one of the issues identified in the Trust Action.

After a hearing, the district court addressed the issues in a written order filed on September 17, 2013. The district court granted the motion to consolidate after concluding that Engstrom's and Larson's argument "wrongly limit[ed] the authority of a district court judge in Minnesota," and determining that the Power-of-Attorney Action raises issues "so intertwined with the Trust Case that this Court finds that consolidation is not only allowable, but necessary." The same order reassigned the Power-of-Attorney Action to a referee. The order did not expressly rule on Engstrom's and Larson's motion to dismiss.

Engstrom and Larson filed a petition for an extraordinary writ in this court, asking that the probate court be enjoined from proceeding on the Power-of-Attorney Action or, in the alternative, that this court issue "a Writ of Mandamus directing that the matter be dismissed." Gust argued that the district court lacked jurisdiction and had erred in disregarding Engstrom's and Larson's objection to the referee, presenting the same arguments he had used in the district court and employing much of the same language.

On October 29, 2013, this court denied the writ, stating that the jurisdictional argument is "based on outdated caselaw" that is no longer relevant given the merger of probate and district courts. This court's decision cited relevant caselaw and Minnesota Statutes sections 484.01–.011, stating that current law "provid[es] for district court jurisdiction over both general civil and probate" matters. This court concluded that, to the extent Engstrom and Larson sought to challenge the consolidation and referee assignment,

4

they had "an adequate remedy in the form of an appeal from a final judgment or appealable order."

On November 1, 2013, Gust, on behalf of Engstrom and Larson, renewed the motion to dismiss the Power-of-Attorney Action in the district court. Taraldson responded by filing a motion to strike and request to show cause for sanctions, arguing that the motion had been denied by the district court and court of appeals, therefore, "[t]his is the third time" the motion had been brought "using essentially identical pleadings with the same argument and outdated legal support." In reply, Gust argued that Engstrom and Larson needed a "definitive" ruling on the motion to preserve the issue for appeal. At a hearing on the motions, Taraldson again cited applicable law regarding the merger of probate and district courts.

In an order issued on January 6, 2014, the district court denied the motion to dismiss and granted Taraldson's motion to show cause, finding that Gust's arguments had no merit, were redundant, and were not supported by existing law. The district court also ordered a show-cause hearing under Minnesota Rule of Civil Procedure 11. In his memorandum in response to the order to show cause, Gust again argued that the probate court lacked jurisdiction to hear the Power-of-Attorney Action and that there "is no such thing as an 'In re Power of Attorney' action."

The district court imposed sanctions under Minnesota Rule of Civil Procedure 11.02 by reprimanding Gust, after finding that Gust's arguments had been "raised, briefed, argued, and addressed" by the district court's September 2013 order and this court's October 2013 order. Further, the district court found that Gust's submissions were "almost

5

entirely cut and paste[d] from previous submissions." Because his arguments had been previously rejected by two courts, Gust did not have an "objectively reasonable basis" for pursuing the claim a third time. The district court concluded that Gust violated Minnesota Rule of Civil Procedure 11.02 "by causing unnecessary delay and a needless increase in the cost of litigation, and . . . the repeated claims filed and legal contentions argued, without basis in existing law."[2]

After Gust was reprimanded, the litigation proceeded on the merits, including a motion for summary judgment and a trial. Taraldson died and the parties disposed of remaining claims in a settlement agreement along with a stipulation for dismissal. Gust appeals, seeking review of the district court order sanctioning him.[3]

## DECISION

Gust raises two challenges to the district court's decision, arguing: (1) the district court referee lacked authority to order sanctions because Engstrom and Larson had properly filed a rule 107 objection to the referee hearing contested matters; and (2) the district court abused its discretion in sanctioning him.

---

[2] The district court denied Taraldson's motion for sanctions, along with the request for monetary sanctions, because Taraldson failed to comply with the 21-day safe harbor provision, which requires a party to serve notice upon the offending party and wait 21 days to provide the offending party a chance to correct the violation. Minn. R. Civ. P. 11.03, subd. (a)(1).

[3] Because there is no respondent's brief, this appeal proceeds under Minnesota Rule of Civil Appellate Procedure 142.03.

## I.    Rule 107 Objection

The rules regarding removal of a referee are derived from the rules for removal of a judge. Minn. Gen. R. Pract. 107 1991 task force cmt; Minn. R. Civ. P. 63.03. Our decision is therefore guided in part by caselaw about judicial removal. The right to remove a judge serves the important purpose of safeguarding the impartial administration of justice. *Jones v. Jones*, 242 Minn. 251, 261–62, 64 N.W.2d 508, 515 (1954). The removal rules use the phrase "the case" to confirm that parties have "one automatic right to remove a judge before that judge presides over a proceeding involving a substantive issue in the matter. After that, removal can only be for cause shown." *State v. Dahlin*, 753 N.W.2d 300, 308 (Minn. 2008) (discussing removal under rule 63.03).

A referee cannot hear any contested matter if a party timely "objects in writing to the assignment of a referee." Minn. Stat. § 484.70, subd. 6 (2014). Our caselaw establishes that a timely notice to remove a judge must be honored, or it is reversible error. *Citizens State Bank of Clara City v. Wallace*, 477 N.W.2d 741, 742 (Minn. App. 1991) ("Failure to honor a proper removal notice is reversible error requiring a new hearing."). Whether a removal notice is timely raises a question of law that this court reviews de novo. *See Wallace*, 477 N.W.2d at 742 (addressing the standard of review regarding a removal notice under Minnesota Rule of Civil Procedure 63.03).

The "fundamental right [to remove a judge] may be waived by failure to seasonably assert it." *Jones*, 242 Minn. at 262, 64 N.W.2d at 515. A notice to remove or object is ineffective after a referee begins proceedings *or* after ten days pass from notice of referee assignment. *State v. Pierson*, 368 N.W.2d 427, 432 (Minn. App. 1985) (discussing parallel

7

removal notice for criminal proceedings). *See also* Minn. Gen. R. Pract. 107 (requiring notice of removal within ten days of the notice of assignment or no later than before a referee hears "any aspect of the case"). The purpose of requiring a removal notice before a judicial officer conducts any proceedings is to prevent any abuse of the right to remove by "judge shopping." *See Schack v. Schack*, 354 N.W.2d 871, 874 (Minn. App. 1984). Also, the time limits that apply to removal notices "guard against unreasonable delay, expense, surprise, and inconvenience to the court and litigants." *Jones*, 242 Minn. at 261, 64 N.W.2d at 514.

Gust argues that Engstrom and Larson properly filed a rule 107 removal notice objecting to a referee hearing the Power-of-Attorney Action. Because the referee should have been removed and failure to remove a referee after proper notice is reversible error, Gust claims that the referee's sanction decision must be reversed.

In district court proceedings, Taraldson contended that Engstrom's and Larson's removal notice was untimely because a referee had already conducted numerous proceedings in the Trust Action. Taraldson noted that no party had objected to the referee assignment in the Trust Action. Gust responded that the Power-of-Attorney Action was a new action, separate from the Trust Action, so the notice to peremptorily remove the referee was timely.

Removal is not permitted where the case is a continuation of a previously-filed action. *McClelland v. Pierce*, 376 N.W.2d 217, 220 (Minn. 1985) (holding that right to remove a judge is not permitted upon remand after an appeal because remand is a continuation of the original proceeding); *Omaha Fin. Life Ins. Co. v. Cont'l Life*

8

*Underwriters, Ins. Co.*, 427 N.W.2d 290, 292 (Minn. App. 1988) (holding that right to remove a judge is revived where first action was dismissed and second action was not "a mere continuation"); *see also In re Ihde*, 800 N.W.2d 808, 811 (Minn. App. 2011) (holding right to remove judge is not permitted for motion to modify child custody because motion is not independent from original dissolution action).

Thus, the timeliness of Engstrom's and Larson's removal notice turns on whether the Power-of-Attorney Action was a continuation of the Trust Action, which was filed first. Engstrom and Larson did not object when the Trust Action was assigned to a referee. The referee held numerous proceedings and issued various orders over 11 months. The parties to the Trust Action contemplated including an accounting of the power of attorney given to Engstrom and Larson. In fact, the referee issued a scheduling order identifying this issue and setting a deadline for the parties to file appropriate pleadings. Taraldson filed the Power-of-Attorney Action in response to the scheduling order in the Trust Action, and Taraldson specifically requested consolidation with the Trust Action.

After the Power-of-Attorney Action was initiated, Engstrom and Larson objected to the assignment of a referee less than ten days after they received notice of the referee's assignment. The district court automatically reassigned the Power-of-Attorney Action to a judge, who heard and decided the consolidation motion, as well as Taraldson's claim that Engstrom's and Larson's removal notice was improper. The district court granted the consolidation request after finding the cases were "so intertwined" that consolidation was necessary. Finally, the district court implicitly rejected Engstrom's and Larson's removal notice by reassigning the consolidated case to the referee.

9

Based on this procedural history, we conclude that the Power-of-Attorney Action was a continuation of the Trust Action and did not revive the right to object to a referee under rule 107. Because the assigned referee had previously presided over the Trust Action, and Engstrom and Larson did not object to the referee in the Trust Action, Engstrom's and Larson's removal notice was untimely. Thus, the district court did not err in reassigning the consolidated case to a referee, and the referee properly considered the sanctions motion.

## I.      Rule 11.02 Sanctions

Minnesota Rule of Civil Procedure 11 provides that by filing pleadings or motions with the court, an attorney represents that "to the best of [their] knowledge," the document "is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Minn. R. Civ. P. 11.02(a). Similarly, an attorney represents that the pleading or motion contains claims that are "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law." Minn. R. Civ. P. 11.02(b). "Counsel has an affirmative duty to investigate the factual and legal underpinnings of a pleading"; failure to do so may result in the imposition of sanctions. *Cole v. Star Tribune*, 581 N.W.2d 364, 370 (Minn. App. 1998).

If rule 11.02 has been violated, a court "[o]n its own initiative" may impose sanctions. Minn. R. Civ. P. 11.03(a)(2). The sanctions imposed must be only "what is sufficient to deter repetition" of the conduct. Minn. R. Civ. P. 11.03(b). This court reviews the district court's imposition of sanctions for an abuse of discretion. *Collins v. Waconia Dodge, Inc.*, 793 N.W.2d 142, 145 (Minn. App. 2011), *review denied* (Minn. Mar. 15,

10

2011). "[A] district court abuses its discretion when its decision is against the facts in the record." *City of N. Oaks v. Sarpal*, 797 N.W.2d 18, 24 (Minn. 2011).

Gust argues that the district court abused its discretion in issuing a reprimand for two reasons: (1) Gust was preserving the jurisdictional issue for appeal because the district court did not expressly rule on the motion to dismiss; and (2) the Power-of-Attorney Action was invalid, so the motion to dismiss should have been granted.

Gust's first argument is not well-taken. Although the district court did not expressly deny the motion to dismiss, the district court expressly rejected Gust's position and implicitly denied the motion in the September 17, 2013 order consolidating the Trust Action and the Power-of-Attorney Action. *See Palladium Holdings, LLC v. Zuni Mortg. Loan Trust 2006-OA1*, 775 N.W.2d 168, 177–78 (Minn. App. 2009) ("Appellate courts cannot assume a district court erred by failing to address a motion, and silence on a motion is therefore treated as an implicit denial of the motion.") *review denied* (Minn. Jan. 27, 2010). Further, in Engstrom's and Larson's petition for an extraordinary writ, Gust stated that the district court "effectively ruled on the issue," and argued that the ruling supported granting extraordinary relief. Also, this court's order denying relief expressly addressed the motion to dismiss and held the district court had jurisdiction over the Power-of-Attorney Action.

Gust's second argument, that the Power-of-Attorney Action was invalid, can be separated into two sub-issues: (a) whether the probate court had jurisdiction over the action, and (b) whether a power-of-attorney action is authorized by statute or caselaw. Each argument will be addressed in turn.

11

Gust has repeatedly asserted that the probate court lacks jurisdiction to hear the Power-of-Attorney Action. Before being merged into the district courts, probate courts had limited jurisdiction. *See Leslie v. Minneapolis Soc'y of Fine Arts*, 259 N.W.2d 898, 903 (Minn. 1977) (discussing probate court's limited jurisdiction). After the legislature enacted Minnesota Statute section 487.191 in 1984, it established "one general trial court of the judicial district to be known as the district court, which shall also be a probate court." *See generally In re Estate of Mathews*, 558 N.W.2d 263, 265 (Minn. App. 1997) (holding arguments that an action may only be heard in a district court are "meaningless") *review denied* (Minn. Mar. 20, 1997). The current statute is Minnesota Statute section 484.011, which states that "[t]he district court shall also be a probate court," while section 484.86, subdivision 1, allows district courts to "establish a probate division, a family court division, juvenile division, and a civil and criminal division . . . ." (2014). District courts have jurisdiction over "all civil actions within their respective districts" as well as jurisdiction over the probate courts. Minn. Stat. §§ 484.01–.011 (2014). Because probate and district courts are merged, the probate division of the district courts can hear civil matters as well as probate matters.[4]

---

[4] Gust argues that an unpublished case from this court supports his argument that a probate court lacks jurisdiction to hear non-probate matters. *See In re the Matter of the RIJ Revocable Trust Agreement*, No. A13-1305, 2014 WL 684698 (Minn. App. Feb. 24, 2014). First, we note that an unpublished decision of this court is not precedent. Minn. Stat. § 480A.08, subd. 3 (2014); *see also Vlahos v. R&I Constr. of Bloomington, Inc.*, 676 N.W.2d 672, 676 n.3 (Minn. 2004) (stating that unpublished opinions are not precedential) (citing *Dynamic Air, Inc. v. Bloch*, 502 N.W.2d 796, 801 (Minn. App. 1993)). Second, Gust misconstrues this opinion, which states that a probate court has "subject-matter jurisdiction to hear a broad range of claims in a probate matter" and "jurisdiction to order that some claims be considered in a separate action in the district court's civil division." *RIJ*, 2014

Second, Gust has repeatedly asserted that a power-of-attorney action is not authorized. But Minnesota Statutes sections 523.21 and 523.26 (2014) recognize an action for an accounting relating to the acts of an attorney-in-fact. An attorney-in-fact must provide an accounting when requested by the principal. Minn. Stat. § 523.21. Additionally, "[t]he principal or any interested person . . . may petition the court for a protective order directing an attorney-in-fact to provide an accounting." Minn. Stat. § 523.26(a). A statement listing the "transactions entered into by the attorney-in-fact" is adequate. Minn. Stat. § 523.21.[5]

Finally, we address whether the district court abused its discretion in sanctioning Gust. An attorney may be reprimanded for asserting a position that is "contrary to existing law and [is] not grounded in fact." *Rumachik v. Rumachik*, 494 N.W.2d 68, 70 (Minn. App. 1992) *review denied* (Minn. Feb. 25, 1993). In a similar case, this court affirmed a district court's sanctions decision where the appellant filed a motion asking the district court to maintain jurisdiction over a dissolution proceeding brought by the respondent, despite the respondent having voluntarily dismissed the case before the appellant filed an answer. *Id.*

WL 684698 at \*6. Thus, *RIJ* is consistent with the conclusion that a probate court has jurisdiction to hear power-of-attorney actions.

[5] Gust makes a third argument that lacks any merit. Gust claims that the Power-of-Attorney Action, as styled, does not exist and should have been dismissed and refiled as a "normal civil action." Gust is correct that there is a specified form for pleadings, but he ignores that the Rules of Civil Procedure will also be "construed as to do substantial justice," and that substantial compliance with the rules is acceptable. *See* Minn. R. Civ. P. 10.01 (specifying the form of pleadings); Minn. R. Civ. P. 8.06 (stating that the rules should be liberally construed). Because a power-of-attorney action is authorized and Taraldson's verified petition substantially complied with the applicable rules, Gust's claim is groundless.

13

Respondent filed a new action in Wisconsin, where both parties resided. *Id*. This court ruled that appellant had no "objectively reasonable basis" to challenge respondent's dismissal of the dissolution proceedings in Minnesota. *Id*. at 70–71.

Here, Gust repeatedly argued that the probate court lacked jurisdiction to hear the Power-of-Attorney Action even after the district court rejected his assertion as "mistaking the division organization within . . . [the] District Court for a limitation on this court's jurisdiction." Also, Taraldson consistently cited to the relevant statutes in her arguments and reply briefs, and this court informed Gust that he was relying on outdated caselaw and cited the relevant statutes. After patiently allowing Gust to renew his motion, the district court cited additional relevant authority to support its jurisdiction. Gust, however, never addressed relevant statutes or caselaw in any of his briefs, including the brief he submitted in this appeal. Instead, Gust has made the same argument over and over again, apparently without investigating his legal claims.

Because Gust repeatedly presented legal arguments based on outdated caselaw and without researching the applicable statutes and caselaw cited by opposing counsel and the courts, the record evidence supports the district court's finding that Gust's arguments had no basis in existing law, caused unnecessary delay, and increased litigation costs. Thus, the district court did not abuse its discretion in finding that Gust violated Minnesota Rule of Civil Procedure 11.02 and issuing a reprimand.

**Affirmed.**