**STATE of Minnesota, Respondent,**

v.

**Kenneth Louis BAUER, Appellant.**

No. C9-01-1601.

Court of Appeals of Minnesota.

April 30, 2002.

Mike Hatch, Attorney General, Robert A. Stanich, Assistant Attorney General, St. Paul, Michael J. Thompson, Meeker County Attorney, Litchfield, for respondent.

John M. Stuart, State Public Defender, Mark F. Anderson, Assistant Public Defender, Minneapolis, for appellant.

Considered and decided by HANSON, Presiding Judge, SCHUMACHER, Judge, and FOLEY, Judge.*

## OPINION

HANSON, Judge.

On appeal from a conviction of second-degree controlled substance crime, appellant argues that the evidence of the quantity of LSD he possessed was insufficient to support the conviction because the LSD was not packaged in dosage units and the state presented no evidence on the weight of the substance. We reverse.

## FACTS

When appellant Kenneth Louis Bauer was stopped by Sergeant Jim Nielson of the Minnesota State Patrol, Sergeant Nielson detected the odor of marijuana coming from the vehicle and observed a large water "bong" on the front seat of Bauer's vehicle. Bauer admitted that he had marijuana in the car. After Bauer performed poorly on field-sobriety tests, and after Sergeant Nielson discovered both that Bauer's driving privileges were suspended and there was an active warrant for Bauer's arrest, he arrested Bauer. Sergeant Nielson's partner, Trooper Dale Prokosch, did an inventory search of Bauer's vehicle and discovered four one-inch by two-inch rectangular cards, with no markings or perforations, stored in a zippered compact disc case.

The next day, Nielson field-tested one of the cards for LSD and it tested positive. Because the cards were without markings, Nielson called the BCA to inquire as to how many dosage units the four cards represented. After being advised that a typical LSD dosage unit was approximately the size of a pencil eraser, Nielson estimated that the cards contained 160 dosage units. Bauer was then charged with second-degree controlled substance crime, under Minn.Stat. § 152.022, subd. 2(3) (2000), based on his possession of 100 or more dosage units.

The cards were then sent to the BCA where they were tested by James Koch and confirmed positive for LSD. Koch estimated that the four cards constituted roughly 195 dosage units, based on the

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

opinion that a dosage unit would be one-quarter inch square.

At trial, Nielson, Prokosch and Koch each testified. Koch described the quarter-inch square as the BCA's "standard" for counting the number of dosage units when the medium used was not demarcated with perforations or a repeating pattern. He furthermore testified that measuring dosage units in this way was the "established procedure" in the forensic science community nationwide. No evidence was offered as to the weight of the cards.

Bauer argued that the state did not have adequate evidence to show that the quantity of LSD present on the cards was enough for second-degree controlled substance crime for possession. Bauer was convicted as charged and sentenced to 48 months incarceration. This appeal followed.

### ISSUE

Is expert testimony, that unmarked LSD blotter paper contains a certain number of "dosage units," sufficient to support a conviction of second-degree controlled substance crime for possession of LSD?

### ANALYSIS

Bauer argues that the evidence was insufficient to convict him of second-degree controlled substance crime. In considering a claim of insufficient evidence, this court's review is limited to a thorough analysis of the record to determine whether the evidence, when viewed in the light most favorable to the conviction, is sufficient to allow the jurors to reach the verdict that they did. *State v. Webb,* 440 N.W.2d 426, 430 (Minn.1989). The reviewing court must assume the jury believed the state's witnesses and disbelieved any evidence to the contrary. *State v. Moore,* 438 N.W.2d 101, 108 (Minn.1989). The reviewing court will not disturb the verdict

if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude the defendant was guilty of the charged offense. *State v. Alton,* 432 N.W.2d 754, 756 (Minn.1988).

Bauer does not deny that he possessed LSD. He merely claims that the amount he possessed was insufficient to constitute second-degree possession. Minnesota criminalizes the possession of LSD under several statutes, from first to fifth degree with the degree of the possession crime determined, in large part, by the amount of LSD possessed. Sometimes the statutes express the perimeter of each offense as a function of the weight of the drug mixture, and sometimes as a function of the number of "dosage units" of the drug. *See, e.g.,* Minn.Stat. §§ 152.025, subd. 2(1) (2000) (fifth-degree possession prohibits any possession of LSD), .024, subd. 2(1) (2000) (fourth-degree possession prohibits the possession of ten or more dosage units of LSD), .023, subd. 2(4) (Supp.2001) (third-degree possession prohibits the possession of five or more dosage units of LSD in a school zone, park zone, public housing zone, or drug treatment facility within a 90–day period), .022, subd. 2(3) (2000) (second-degree possession prohibits the possession of either 50 grams of LSD mixture or 100 dosage units), .021, subd. 2(3) (2000) (first-degree possession prohibits the possession of either 500 grams or 500 or more dosage units of LSD).

Bauer was charged with second-degree possession of LSD in violation of Minn. Stat. § 152.022, subd. 2(3), which criminalizes the possession of:

> one or more mixtures of a total weight of 50 grams or more containing [LSD] or, *if the controlled substance is packaged in dosage units,* equaling 100 or more dosage units.

(Emphasis added.) Bauer argues that because his blotter paper was unmarked and

not "packaged in dosage units," Koch's expert testimony, estimating the number of dosage units on the unmarked blotter paper according to BCA protocol, was insufficient to convict.

The essential question is whether, under Minn.Stat. § 152.022, subd. 2(3), the fact of LSD being packaged in dosage units is a prerequisite to a conviction based on the number of dosage units possessed. Statutory construction is a question of law, which this court reviews de novo. *State v. Azure*, 621 N.W.2d 721, 723 (Minn.2001). If possible, this court construes every law to give effect to all its provisions. Minn. Stat. § 645.16 (2000).

Minn.Stat. § 152.022, subd. 2(3) provides two distinct methods to prosecute for second-degree possession of LSD, by proving possession of over 50 grams of LSD or by proving possession of 100 or more dosage units of LSD. But the second means is available only where the prerequisite condition exists, *"if the controlled substance is packaged in dosage units." Id.* (emphasis added). This language is clear and unambiguous. The number of dosage units can be used only if the drug has been packaged in dosage units.

The state's arguments to the contrary are wide of the mark. First, the fact that the BCA's method for counting dosage units may be accepted as "standard" in the forensic science community is irrelevant because the statute requires the drug to be "packaged" into those dosage units before any count of the units has legal significance. For this reason, the state's reference to *State v. Palmer*, 507 N.W.2d 865 (Minn.App.1993), *review denied* (Minn. Jan. 14, 1994) is unavailing. While it is true that in *Palmer* a chemist testified to how many "hits" were possessed by the defendant, the critical factor there was that the LSD was already divided into eighth-inch squares, four of which consti-

tuted a dosage unit. *Id.* at 867–68. The chemist had merely counted them, and determined that four squares equaled a dosage unit. *Id.* at 868. Here, the cards were not divided, and the number of dosage units could only be estimated by expert opinion, applying an administrative "standard."

Second, this case is not, as the state argues, about whether the defendant gets to decide the size of the dosage unit, because the question of size does not arise unless the LSD is first packaged into dosage units.

Finally, the state's argument, that those who possess LSD should not be able to avoid punishment simply by failing to subdivide their drug into dosage units, also fails. Such an action does not prevent prosecution, it simply forces prosecutors to charge and prove the crime using the alternative measure of weight, or using an offense that does not depend on the number of dosage units. The statute creates a bifurcated system: where LSD is packaged into dosage units, you count them; where it is not, you weigh it. Any incongruity arising from this system must be addressed by the legislature, not this court.

## DECISION

The state presented no evidence of the weight of the LSD or that it was packaged in dosage units. The expert testimony presented by the state to prove the number of dosage units did not satisfy the prerequisite condition that the LSD be packaged in dosage units and, accordingly, is insufficient to sustain a conviction of second-degree controlled substance crime for possession of LSD.

**Reversed.**