**In re the WELFARE OF R.T. and L.T., Children.**

**No. C1–84–1425.**

Court of Appeals of Minnesota.

April 2, 1985.

Dan Moulton, Rochester, for appellant father.

Debra A. Jacobson, Asst. Olmsted County Atty., Rochester, for respondent Olmsted County.

Kimball G. Orwoll, Rochester, for respondent guardian ad litem.

Considered and decided by POPOVICH, C.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

After trial, the two children of appellant father were found to be dependent and neglected on July 11, 1984. Father appeals. We affirm.

## FACTS

On December 18, 1983, father drove his sons, R.T., then 11-years-old, and L.T., then 5-years-old, to the Rochester Salvation Army. He told them to go inside and that he was leaving the state. The children had no money or extra clothing and were dressed in soiled snowsuits. The Salvation Army called a crisis social worker who interviewed the boys. She learned that father had left, mother was in chemical dependency treatment, and the boys had no place to stay. The children were placed in protective foster care and a dependency and neglect petition was filed on December 21, 1983. The petition, as later amended, alleged the boys were neglected as defined by Minn.Stat. § 260.015, subd. 10(a) and (b) (1982), in that they were abandoned and without proper parental care due to the

faults or habits of their parents and dependent as defined by Minn.Stat. § 260.015, subd. 6(d), because they were without proper parental care due to the emotional, mental or physical disability or immaturity of their parents. Mother admitted the dependency petition.

Testimony was taken from the Salvation Army captain who found the boys, the crisis social worker who first responded to the abandonment, a Rochester police officer, psychologist and therapist Harlan Wickre, Brian Theiler, the social worker assigned to the case, the guardian ad litem, and the father. After trial, the court found clear and convincing evidence showed the children were dependent and neglected. Father appeals.

### ISSUES

1. Whether the trial court properly admitted evidence of statements made by the children.

2. Whether the trial court properly admitted the testimony of the guardian ad litem.

3. Whether appellant was denied a fair trial by reason of alleged bias or prejudice.

### ANALYSIS

1. Appellant does not challenge the sufficiency of the evidence on the record, but argues the trial court improperly allowed witnesses to testify regarding statements made by his children. Appellant argues the statements were inadmissible hearsay.

■ The older child's statements made to police and a Salvation Army Captain were: That they were abandoned; that his father was on his way to Texas and wasn't going to see them again; that his mother was in treatment; that his father used to be a boiler operator but had been out of work for awhile; that he drove a jeep, was 41 years old and had a full beard and brown hair. These statements were generally used by the police in an attempt to locate the father, confirm the mother's location and obtain the original hold order. These certainly have sufficient guarantees of trustworthiness to come within Minn.R. Evid. 803(24). It seems preferable for the court to admit these hearsay statements as opposed to calling the children to confront their parents.

The following statements of the older child were testified to by the psychologist and the guardian ad litem: That the older child was extremely frightened of father and had been physically abused by being beaten by a belt and having his head slammed into a brick wall and was hospitalized because of it; that the parents fought often, there was lots of screaming and yelling, both drank a lot, father had a bad temper; used to think school was not important, wants to go now. Both boys were very apprehensive before visits.

The guardian ad litem supervised visits and transported children to visitation and was qualified to comment on their appearance and questions. For instance, before visits the children asked her if she thought "there'd be trouble today."

The other statements objected to by father were all confirmed, both by him and by the reports of five instances of reported abuse from Iowa which were received under business records exception Minn.R. Evid. 803(6) and (8). The father testified the child had a consistent, irrational fear of him stemming from the Iowa incidents. He admitted getting angry, drinking between a six-pack and a 12-pack of beer a day, and leaving the kids at the Salvation Army.

■ The admission of evidence in juvenile court proceedings is governed primarily by the Rules of Evidence. *In re Welfare of Brown*, 296 N.W.2d 430, 436 (Minn. 1980). The reports of social workers and psychologists of the children's emotional condition are admissible as business records under Minn.R.Evid. 803(6). *Id.* at 435. Father's attempt to distinguish *Brown* because this is a dependency and neglect action, and not a termination, is unpersuasive.

■ Statements made to psychologist Harlan Wickre are also admissible because

made for purposes of a court-ordered evaluation. Minn.R.Evid. 803(4). The boys' statements regarding their abandonment, their father's angry outbursts and history of physical violence, his drinking, and their resulting fear of him were all confirmed by father's own testimony at trial. The trial court did not err by admitting reports and testimony which included references to statements made by the children.

2. Appellant argues the trial court improperly allowed Janet Hoggatt, the guardian ad litem, to testify as to her opinions, and that she was not qualified as an expert witness. Appellant does not dispute that Hoggatt was appointed guardian ad litem and that the children had a right to participate through her. Minn.R.Juv.Cts. 39.01, subd. 1. Hoggatt testified she repeatedly met with the children, that she investigated the case, supervised visitations between the boys and their parents, and reviewed school and social services records. The opinions of a guardian ad litem or any lay witness are admissible if rationally based upon their own perceptions and helpful to the determination of a fact in issue. Minn.R.Evid. 701.

Appellant's observations regarding Hoggatt's limited experience with other cases and limited opportunity to observe father relate to the weight to be afforded her testimony, and not to its admissibility. The trial court properly allowed the boys' guardian to testify regarding her observations and recommendations.

3. Appellant argues he is entitled to a new trial because the trial court was biased against him. He argues bias was shown by the admission of statements to which he objected.

Appellant's current allegations of bias are apparently unrelated to those made on the second day of trial. Then, he objected to a one night restraining order issued at the close of testimony on the first day which prohibited him from contacting his wife. The restraining order was dissolved the second morning of trial and appellant does not now argue the propriety of that order.

Appellant cites no authority for the proposition that adverse evidentiary rulings constitute a showing of bias within the meaning of Minn.R.Civ.P. 63.02.

Appellant also alleges bias because of "post trial receipt of evidence," including his criminal record. This "post trial receipt of evidence," including father's criminal record, was not solicited by the court, but was submitted as part of the state's letter brief which the court permitted both counsel to submit in lieu of oral argument. Presumably the court did not consider this unsolicited offering since it made no reference to it in its findings. Since it was neither solicited nor used, it is difficult to see this material as proof of bias on behalf of the court. Further, the findings of the trial court are consistent with the evidence properly admitted.

### DECISION

The trial court's adjudication of dependency and neglect is based on the evidence and is affirmed.