Robert R. McCLELLAND, Petitioner,

v.

Honorable Delila F. PIERCE, Hennepin County District Court Judge, et al., Respondents.

Faruk Said ABUZZAHAB, Petitioner,

v.

Honorable Delila F. PIERCE, Hennepin County District Court Judge, Respondent,

Beverly Abuzzahab, petitioner, Petitioner-Appellant.

Nos. C7–85–144, C6–85–152.

Supreme Court of Minnesota.

Nov. 15, 1985.

Judith L. Oakes, St. Paul, for Helen McClelland in No. C7–85–144.

James H. Hennessy and Daniel J. Goldberg, Minneapolis, for Beverly Reidenberg in No. C6–85–152.

Timothy A. Sullivan, Kathryn A. Graves, St. Paul, for Robert McClelland in No. C7–85–144.

Leo Dorfman, Minneapolis, for Faruk Said Abuzzahab in No. C6–85–152.

COYNE, Justice.

We have granted the petitions for further review of the single order of the court of appeals granting extraordinary relief and disqualifying the trial judge in both of these unconsolidated cases. We vacate the order granting extraordinary relief—an order tantamount to an order directing the issuance of a writ of prohibition.

These parties and their dissolution proceedings have been before this court previously. In the earlier appeals we reversed awards of permanent spousal maintenance and remanded for determination of the proper durational limitation of spousal maintenance. *McClelland v. McClelland,* 359 N.W.2d 7 (Minn.1984), and *Abuzzahab v. Abuzzahab,* 359 N.W.2d 12 (Minn.1984). In *McClelland* we also directed establishment of a schedule for automatic reduction of child support payments as each child becomes emancipated.

On January 11, 1985, the parties were informed that the cases had been returned to the original trial judge for disposition. On that same day Robert McClelland and Faruk Said Abuzzahab each filed his affidavit of prejudice requesting reassignment to another judge pursuant to Rule 63.03 of the Minnesota Rules of Civil Procedure. Rule 63.03 provides that upon the timely filing of an affidavit of prejudice, "the clerk shall forthwith assign the cause to another judge of the same district." By order of January 15, 1985, the trial judge refused to accept the affidavits, which she deemed untimely.

Robert McClelland and Faruk Said Abuzzahab each petitioned the court of appeals for a writ of prohibition restraining the trial judge from further action in his case. The court of appeals granted extraordinary relief and ordered the disqualification of the trial judge.

■ Helen E. McClelland contends that a writ of prohibition is not a proper form of relief in the absence of a showing of an unauthorized or illegal exercise of judicial authority causing irreparable harm. Although a writ of prohibition is an extraordinary remedy which should not issue without careful consideration of its effect on the parties, on their cause, and on the judge sought to be removed, we have ruled that "[p]rohibition is the proper remedy to restrain a judge from acting in a matter where he is disqualified by an affidavit of prejudice." *State ex rel. Burk v. Beaudoin,* 230 Minn. 186, 40 N.W.2d 885 (1950). Rule 63.03 mandates reassignment of the case when an affidavit is filed in compliance with the terms of the rule. *Jones v. Jones,* 242 Minn. 251, 64 N.W.2d 508 (1954). Proof of actual bias or prejudice is not required; the affidavit of prejudice itself is enough. *Lindberg v. Lindberg,* 282 Minn. 536, 163 N.W.2d 870 (1969). Hence, if a trial judge refuses to honor an affidavit of prejudice properly filed pursuant to Rule 63.03, any further exercise of judicial power is unauthorized and a writ of prohibition is the appropriate form of relief.

The question, however, is not the form of relief but rather the validity of the basis upon which it was awarded. Is the mandatory removal-automatic reassignment provision of Rule 63.03 invoked in either of these cases by the filing of an affidavit of prejudice following remand for reconsideration pursuant to the particularized directions of this court? We think not.

■ Relying on *Lappi v. Lappi,* 294 N.W.2d 312 (Minn.1980), and *Wiedemann v. Wiedemann,* 228 Minn. 174, 36 N.W.2d 810 (1949), Messrs. McClelland and Abuzzahab contend that a new proceeding begins on remand because proceedings on the original decree are concluded by the expiration of the time provided under Rule 59.03, Minn.R.Civ.P., for noticing a motion for new trial. *Lappi* and *Wiedemann,* however, arose on motions for modification of maintenance orders. Because modification of the terms of a decree respecting maintenance or support depends on a substantial change in the circumstances of one or both of the parties, Minn.Stat. § 518.64 (1984), a proceeding for modification, by its very nature, requires a hearing for presentation of evidence of the events which have occurred since issuance of the current order and which the movant claims make the terms of the current order unreasonable and unfair; and it also requires a decision based on the evidence adduced at that hearing. *See Abbott v. Abbott,* 282 N.W.2d 561 (Minn.1979). Thus, the motion for modification initiates a "new proceeding" and renews the right of the parties to invoke the automatic reassignment provisions of Rule 63.03 by the filing of an affidavit of prejudice.

That the time for bringing a motion for a new trial has long since expired does not alter the character of the action required of the trial court on remand of these cases. In *McClelland,* 359 N.W.2d at 11, while affirming the amount of maintenance awarded, "we remand[ed] to the trial court to provide for maintenance for such period of time and on such basis as will properly reflect the relevant factors set out in the statute." We also directed the trial court to "establish a schedule for [the] automatic reduction [of child support] as each of the children becomes emancipated." *Id.* In *Abuzzahab,* 359 N.W.2d at 14, we remanded for the establishment of "the durational limitation of the award." Affirming the amount of the award, we "direct[ed] the trial court to reexamine the criteria contained in section 518.552, subd. 2 (1982) for the purpose of its determination of the appropriate period for an award of temporary maintenance." *Id.* These instructions contemplate neither a new trial nor an evidentiary hearing for modification of the decree because of changed circumstances. Rather, they direct a continuation of the original proceedings designed to permit the trial judge to reevaluate and amend her original orders in a manner consistent with this court's decisions. It is apparent that the trial judge understood that reconsideration and the necessary amendments were to be made on the basis of the existing record, for she advised the parties after

remand that no further hearings would be necessary.

Certainly, the impartiality of the judiciary is to be jealously guarded, and the "right to peremptorily challenge a judge shall be liberally construed to safeguard in both fact and appearance the constitutional right to a fair and impartial trial." *Ellis v. Minneapolis Commission on Civil Rights*, 295 N.W.2d 523, 524–25 (Minn.1980). Nevertheless, the provision in Rule 63.03 for automatic reassignment to another judge is invoked only by an affidavit of prejudice timely filed. We hold that the reconsideration of these cases on remand is a continuation of the original proceedings, that it is not a new proceeding which gives rise to a right of peremptory challenge, and that the affidavits of prejudice were untimely.

The order of the court of appeals granting extraordinary relief and disqualifying the trial judge is vacated, and the matters are remanded for further proceedings consistent with the earlier opinions of this court respectively entitled *McClelland v. McClelland*, 359 N.W.2d 7 (Minn.1984), and *Abuzzahab v. Abuzzahab*, 359 N.W.2d 12 (Minn.1984).

Order vacated; matters remanded.