OMAHA FINANCIAL LIFE INSURANCE COMPANY and Mutual of Omaha Insurance Company, Petitioners,

v.

CONTINENTAL LIFE UNDERWRITERS, INSURANCE COMPANY, LTD., Respondent.

Nos. C8-88-1415, C3-88-1418.

Court of Appeals of Minnesota.

Aug. 16, 1988.

Review Denied Oct. 26, 1988.

Thomas Berg, Popham, Haik, Schnobrich & Kaufman, Minneapolis, for petitioners.

Kay Nord Hunt, Lommen, Nelson, Cole & Stageberg, Minneapolis, for respondent.

Considered at Special Term and decided by WOZNIAK, C.J., and FOLEY and NORTON, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Omaha gave notice of its intent to terminate an agreement with Continental. Continental sought injunctive relief, and a temporary restraining order was issued. The parties thereafter settled the case, and it was voluntarily dismissed.

Omaha brought a second suit, for declaratory judgment on a non-competition provision. The case was assigned to the same judge who heard the first action. Omaha promptly sought to remove the judge, relying on Minn.R.Civ.P. 63.03. Continental opposed removal and sought to quash Omaha's notice to remove.

The trial judge scheduled a hearing on the motion to quash. Omaha applied to the chief judge to preclude the trial judge from determining whether removal was appropriate. The chief judge refused to prevent the trial judge from considering the matter, and declined to assign the case to another judge. After a hearing, the trial judge quashed the notice to remove, finding the second action involved "the same parties, interpretations of the same contract, and the same factual scenario as" the first action, and removal was therefore inappropriate.

Omaha filed a petition for prohibition (C8–88–1415) and a petition for discretionary review (C3–88–1418). Continental moved to strike a reply submitted by Omaha and for acceptance of a transcript of the hearing on the motion to quash. We denied the motion to strike, refused to extend discretionary review, and accepted the transcript by separate order. In this opinion, we discuss our analysis of the petition for prohibition.

### DECISION

Prohibition is the appropriate remedy to review a trial judge's determination that a notice to remove is ineffective. *McClelland v. Pierce*, 376 N.W.2d 217, 219 (Minn.1985). Omaha argues that the chief judge, and not the trial judge, should have decided whether Omaha was entitled to remove the trial judge. In addition, Omaha argues the trial judge erred in quashing the notice to remove.

Rule 63.03 permits a party to serve and file a notice to remove within ten days after notice of the judge assigned to the case. A judge who has presided "at a motion or any other proceeding of which the party had notice" may be removed only for actual prejudice. Upon removal, the chief judge must assign the case to another judge. Minn.R.Civ.P. 63.03.

Disputes about the propriety and timeliness of a notice to remove are usually determined by the judge the party seeks to remove. Rule 63.03 does not require that the chief judge determine such disputes, and the supreme court has not construed the rule so as to preclude the trial judge from deciding whether a notice to remove is proper. *See McClelland*, 376 N.W.2d 217 (*trial judge's* refusal to accept notice to remove affirmed without indication procedure was improper).

The comment to Rule 63.03 requires a party to seek removal the first time a "judge presides in *an* action," and it precludes removal "after that judge has presided at one or more *pretrial* hearings." (Emphasis added). The trial judge in this case did not preside over any pretrial hearing in the second action before the notice to remove was served and filed.

The trial judge focused on the similarity of the second action to the dismissed first action. However, even though identical parties, related issues, and the *same* file

are involved in motions for modification of a dissolution decree, the supreme court has specifically held that a modification motion is a new proceeding, and the parties are therefore entitled to remove the original trial judge. *See Lappi v. Lappi*, 294 N.W. 2d 312 (Minn.1980); *Wiedemann v. Wiedemann*, 228 Minn. 174, 36 N.W.2d 810 (1949) (district's general rule that motions to modify be referred to original trial judge is inapplicable where party timely filed affidavit to obtain removal). Similarity of subject matter is not controlling.

In *McClelland v. Pierce*, 376 N.W.2d 217 (Minn.1985), the supreme court discussed the distinction between the initiation of a new proceeding, such as a post-decree motion for modification, and proceedings which are a mere continuation of the original proceeding, such that the right to remove the original judge is not revived. The court held that proceedings on remand after an appeal are a continuation of the original proceedings and removal is not available, focusing on the fact that no new

or additional testimony need be taken, but the decision on remand is to be based on the existing record. *McClelland*, 376 N.W. 2d at 219–20.

 In this case, a new action has been brought. New evidence will be taken and additional issues will be decided. We have found no authority to support the position asserted by Continental, that the second action is a mere continuation of the action which was dismissed, and we conclude that the right to seek removal was revived. The trial judge must honor the notice to remove and the chief judge must reassign the action.

Writ of prohibition issued.