STATE of Minnesota, Respondent,

v.

Joseph Allen AZURE, Appellant.

No. C1–00–61.

Supreme Court of Minnesota.

Jan. 25, 2001.

John J. Leuni, Harlan M. Goulett, Minneapolis, for appellant.

Mike Hatch, Atty. Gen., Kelly O'Neill Moller, Asst. Atty. Gen., St. Paul, Joseph Evans, Becker County Atty., Detroit Lakes, for respondent.

## OPINION

BLATZ, Chief Justice.

Appellant Joseph Allen Azure brings a direct appeal from his September 21, 1999 conviction for first-degree murder. The only issue on appeal is whether the judge who presided over appellant's trial should have removed himself pursuant to appellant's oral pretrial request. Appellant argues that Minn.Stat. § 542.16 (1998), not Minn. R.Crim. P. 26.03, subd. 13(4), governs the removal of judges and that his motion to remove was properly made under the statute. We hold that Rule 26.03, subd. 13(4) sets forth the applicable removal procedure and that appellant did not file his notice of removal in compliance with the rule. Appellant's conviction is therefore affirmed.

The relevant facts are not disputed. Shortly after appellant's indictment, Beck-er County District Court Judge William E. Walker conducted a May 6, 1999 preliminary hearing in which appellant made an uncontested request for a transcript of the grand jury proceeding. The parties agreed to continue all contested matters until appellant obtained the transcript. The state then asked whether those matters could be scheduled for hearing, but both Judge Walker and the court clerk stated that the subsequent omnibus hearing could not be scheduled until a judge was assigned to the case. The hearing transcript and Judge Walker's order each reflect the parties' agreement that Judge Walker was not permanently assigned to the case.

In a letter dated May 12, 1999, the parties received notice that the second omnibus hearing was scheduled for May 26, 1999. The letter stated that Judge Thomas P. Schroeder had been assigned to that hearing and "for all subsequent hearings for purposes of M.S.A. 542.13, M.S.A. 542.16 and Rules of Civil Procedure 63.03." Minnesota Statutes § 542.16 allows parties to a criminal suit to file a notice of a judge's peremptory removal with the court administrator up to two days before the end of the trial preparation period. The May 12 letter did not mention Minn. R.Crim. P. 26.03, subd. 13(4), which requires a party seeking removal to file a notice of removal with the court administrator within seven days after receiving notice of the judge assignment.[1]

During the May 26 omnibus hearing, appellant requested that Judge Schroeder remove himself from the case. Appellant argued that he was entitled to automatic removal pursuant to Minn.Stat. § 542.16 because appellant gave his notice to remove more than two days before trial, which was within the statute's time limitation for removal. Judge Schroeder con-

---

1. The other citations in the May 12 letter are irrelevant for purposes of this appeal, as Minn. R. Civ. P. 63.03 sets forth the procedure for filing a notice of removal in civil cases and Minn.Stat. § 542.13 (2000) states that no judge may preside over a case where the judge has some interest or bias. This case does not involve any allegation of interest or bias.

cluded that appellant's motion to remove was untimely and denied the request.

In August 1999, appellant brought a motion seeking Judge Walker's reinstatement. Despite his earlier argument that section 542.16 governed removal, appellant argued at the August 1999 motion hearing that Rule 26.03 prohibited the case from being reassigned after Judge Walker presided over the May 6 hearing. *See* Minn. R.Crim. P. 26.03, subd. 13(4) ("No notice to remove shall be effective against a judge who has already presided at the trial, Omnibus Hearing, or other evidentiary hearing * * *."). Judge Schroeder found, as the parties had agreed in the May 6 hearing, that no judge was assigned to the case on or before May 6. Judge Schroeder then denied the motion, concluding that he was permanently assigned to the case by the May 12 letter and that appellant did not bring a notice of removal within seven days of that assignment as required by Rule 26.03, subd. 13(4). On appeal, appellant does not challenge Judge Schroeder's ruling on the motion to reinstate Judge Walker, but instead renews his initial argument that the motion to remove was timely under Minn.Stat. § 542.16.

## I.

The first issue that must be decided is whether Minn.Stat. § 542 .16 or Minn. R.Crim. P. 26.03, subd. 13(4) controls the peremptory removal of judges in criminal matters. This issue involves the construction of statutes and rules which is subject to de novo review. *See State v. Smallwood*, 594 N.W.2d 144, 151 n. 4 (Minn.1999); *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

Both section 542.16 and Rule 26.03, subd. 13(4) set forth procedures for filing a peremptory notice of removal in criminal cases. Minnesota Statutes § 542.16 provides in relevant part:

In criminal actions the notice to remove shall be made and filed with the court administrator by the defendant, or the defendant's attorney, not less than two days before the expiration of the time allowed by law to prepare for trial and in any of these cases the presiding judge shall be incapacitated for cause.

In contrast, Minn. R.Crim. P. 26.03, subd. 13(4) states:

The defendant or the prosecuting attorney may serve on the other party and file with the court administrator a notice to remove the judge assigned to a trial or hearing. The notice shall be served and filed within seven (7) days after the party receives notice of which judge is to preside at the trial or hearing, but not later than the commencement of the trial or hearing.

Except in a rare case, there is an inherent conflict between section 542.16 and Rule 26.03, subd. 13(4) because each creates a different time limitation for filing a notice of removal. Appellant nonetheless argues that this court should, as a matter of comity, simply permit parties to satisfy their choice of either the statute or the rule. Despite appellant's urgings, there must be a single, clear procedure for removing judges because enforcing two alternate time limits would create confusion as to when the time for filing expires.

Given the conflict between Rule 26.03, subd. 13(4) and section 542.16, we must determine whether peremptory removal is a procedural matter governed by this court's rules of procedure, or whether it is a substantive right governed by statute. *See State v. Johnson*, 514 N.W.2d 551, 554 (Minn.1994) (noting that the courts govern procedural subjects and the legislature governs substantive rights). Because the judiciary oversees court procedure, the rules of criminal procedure supersede conflicting statutes. *See id; see also* Minn.Stat. § 480.059, subds. 1, 7 (2000) (acknowledging that the supreme court regulates procedural matters in all state criminal actions and that statutes

relating to procedure in such actions may be superseded by court rules).

This court has already decided that the assignment and removal of judges is procedural. In *State v. Cermak*, we held that Minn. R.Crim. P. 24.03, which requires cases to be tried before the judge who ordered a change of venue, supersedes section 542.16 because the statute and the rule conflict over a procedural issue. 350 N.W.2d 328, 331 (Minn.1984). Recently, we acknowledged that "Minnesota Statutes section 542.16 was super[s]eded in 1989 by Minn. R.Crim. P. 26.03, subd. 13(4) * * *." *State v. Erickson*, 589 N.W.2d 481, 484 (Minn.1999); *see also* Advisory Committee Comment to Minn. R.Crim. P. 26 ("Rule 26.03, subd. 13 * * * supersedes Minn.Stat. § 542.16 (1988) concerning notice to remove a judge in criminal proceedings.").

We see no reason to disturb this precedent. Rule 26.03, subd. 13(4) clearly does not address substantive rights—it does not define certain acts as crimes, affect the applicable punishment, or alter a defendant's ability to present a complete defense. *See State v. Wingo*, 266 N.W.2d 508, 513 (Minn.1978) ("[B]y substantive rights the legislature was referring to statutes which declare what acts are crimes and prescribe punishment for their violation, rather than statutes which regulate the steps by which the guilt or innocence of one who is accused of violating a criminal statute is determined."). Notice of removal constitutes merely a step in the pretrial process and a method by which a judge may be replaced. Consequently, removal is a procedural matter governed by Minn. R.Crim. P. 26.03, subd. 13(4) rather than Minn.Stat. § 542.16.

## II.

■ The next issue is whether appellant's oral motion to remove Judge Schroeder complied with Minn. R.Crim. P. 26.03, subd. 13(4). Appellant argues that his motion to remove was proper regardless of whether it complied with the rule's procedural requirements, and that any argument to the contrary is "relentlessly formalistic." [2]

■ Although "the right to peremptorily challenge a judge shall be liberally construed to safeguard in both fact and appearance the constitutional right to a fair and impartial trial," *McClelland v. Pierce*, 376 N.W.2d 217, 220 (Minn.1985) (citation omitted), it is equally true that the right of removal "may be waived by failure to seasonably assert it." *Jones v. Jones*, 242 Minn. 251, 262, 64 N.W.2d 508, 515 (1954). Here, appellant waived his right to seek the peremptory removal of Judge Schroeder by failing to file his notice of removal with the court administrator and by failing to bring his motion for removal in a timely manner.

First, Rule 26.03, subd. 13(4) explicitly directs parties seeking removal to "serve on the other party and file with the court administrator a notice to remove the judge assigned to a trial or hearing." Parties must file properly to secure a judge's removal. *See McClelland*, 376 N.W.2d at 219. It is undisputed that appellant never filed a notice of removal with the court administrator either before or after bring-

---

**2.** Appellant cites *Wiedemann v. Wiedemann*, 228 Minn. 174, 179, 36 N.W.2d 810, 813 (1949), to support the proposition that an imperfect filing will not necessarily defeat a party's right of removal. The holding in *Wiedemann*, however, was narrow and the case distinguishable on its facts. In *Wiedemann*, a civil defendant gave the parties and the judge sufficient notice of his motion to remove when he sent a letter six weeks before a motion hearing asking the judge to remove himself, and then filed the required affidavit of prejudice at the hearing. *Id.* Although the affidavit was untimely, we held that the judge erred in declining to remove himself because the defendant substantially complied with the removal process. *See id.* In this case, appellant made no such efforts to provide advance notice of his intention to seek removal or to file an appropriate notice of removal with the court administrator. Further, while this case involves the automatic right of removal, there is no claim on appeal of prejudice to the appellant.

ing his oral motion to remove. *Cf. Wiedemann,* 228 Minn. at 179, 36 N.W.2d at 813 (noting that counsel filed required affidavit even though it was untimely).

 Second, appellant acknowledges that he did not seek removal within seven days of receiving notice that Judge Schroeder would preside over the case. *See* Minn. R.Crim. P. 26.03, subd. 13(4) ("The notice shall be served and filed within seven (7) days after the party receives notice of which judge is to preside at the trial or hearing * * *."). Although appellant argues that the lateness of his motion was justified because he sought removal "at the very first moment [he] personally saw who the judge was," the seven-day time limit serves the important purpose of preserving parties' and the courts' limited resources by guarding against "unreasonable delay, expense, surprise, and inconvenience." *Jones,* 242 Minn. at 261, 64 N.W.2d at 514. It is therefore the mutual responsibility of defendants and their trial counsel to communicate so that the motion to remove can be brought within the prescribed time limit. Moreover, we are especially disinclined to excuse appellant's lateness when he has made no attempt to show that the denial of his motion resulted in actual prejudice.[3]

For these reasons, we hold that Minn. R.Crim. P. 26.03, subd. 13(4) governs the peremptory removal of judges from Minnesota criminal proceedings. We further hold that the district court did not err in denying appellant's motion to remove because appellant neither filed a notice of removal with the court administrator nor made his oral motion within the time limitation set forth in Minn. R.Crim. P. 26.03, subd. 13(4). Accordingly, we affirm.

Affirmed.

---

**3.** We also note that appellant failed to seek a writ of prohibition from the court of appeals after Judge Schroeder denied his motion to remove. It is well settled that "[t]he proper remedy to pursue when a motion to remove has been denied is to seek a writ of prohibition." *Cermak,* 350 N.W.2d at 331. Such a writ prevents a judge from proceeding in a matter where he has been disqualified by a properly filed notice of removal, *see McClelland,* 376 N.W.2d at 219, and "avoid[s] the possibl[e] * * * waste of time, money, and effort required of all parties by a procedure which might involve two trials and possibly two appeals in order to adjudicate the issue." *Smith v. Tuman,* 262 Minn. 149, 154, 114 N.W.2d 73, 77 (1962); *see also State v. Scruggs,* 421 N.W.2d 707, 717 (Minn.1988) (noting that a writ of prohibition is often necessary because it is difficult to review pretrial procedures after a fair trial has occurred). Thus, a posttrial appeal to this court was not the appropriate way for appellant to obtain review of the denial of his motion to remove.