STATE of Minnesota, Respondent,

v.

Michael J. DAHLIN, Appellant.

No. A06–717.

Supreme Court of Minnesota.

July 24, 2008.

Gurdip Singh Atwal, Assistant State Public Defender, St. Paul, MN, for Appellant.

Attorney General—Criminal, St. Paul, MN, Donna J. Wolfson, Assistant County Attorney, Minneapolis, MN, for Respondent.

## OPINION

GILDEA, Justice.

The question presented in this appeal is whether a party has the right to peremptorily remove a district court judge when a case has been remanded and assigned to that judge for a new trial. Because we hold that Minn. R.Crim. P. 26.03, subd. 13(4), does not guarantee a party the peremptory right to remove a judge from presiding over a new trial on remand, we affirm.

Appellant Michael J. Dahlin appeals his conviction for aiding and abetting second-

degree murder. The facts underlying the crime are detailed in our opinion in Dahlin's direct appeal. *State v. Dahlin*, 695 N.W.2d 588, 590–92 (Minn.2005). There, we reversed Dahlin's conviction for first-degree murder because we held that the district court had erred when it did not submit a lesser-included offense instruction to the jury. *Id.* at 601. We remanded the matter for a new trial, and it was assigned to the same judge who had presided over the first trial.

Dahlin sought to peremptorily remove the judge pursuant to Minn. R.Crim. P. 26.03, subd. 13(4), but the district court denied his request.[1] Dahlin then petitioned the court of appeals for a writ of prohibition to prevent the judge from presiding over the second trial. The court of appeals denied the writ, and Dahlin did not petition our court for further review.[2]

Dahlin's second jury trial commenced the day before the court of appeals denied

his petition for a writ of prohibition. Following trial, the jury found Dahlin guilty of aiding and abetting second-degree intentional murder. The district court convicted Dahlin of this offense and sentenced him to 433 months in prison. The court of appeals affirmed Dahlin's conviction in an unpublished opinion, *State v. Dahlin*, No. A06–717, 2007 WL 2998956 (Minn.App. Oct. 16, 2007), and we granted review on the removal issue.[3]

## I.

■ As noted above, Dahlin did not seek review in this court of the court of appeals' order denying his petition for a writ of prohibition. We directed the parties to brief whether Dahlin's failure to seek review of the court of appeals' denial of the writ of prohibition constitutes a waiver of further appellate review of the removal issue. We turn to that procedural question first.[4]

1. The complete text of Minn. R.Crim. P. 26.03, subd. 13(4), provides:

    The defendant or the prosecuting attorney may serve on the other party and file with the court administrator a notice to remove the judge assigned to a trial or hearing. The notice shall be served and filed within seven (7) days after the party receives notice of which judge is to preside at the trial or hearing, but not later than the commencement of the trial or hearing. No notice to remove shall be effective against a judge who has already presided at the trial, Omnibus Hearing, or other evidentiary hearing of which the party had notice, except upon an affirmative showing of cause on the part of the judge. After a party has once disqualified a presiding judge as a matter of right, that party may disqualify the substitute judge only upon an affirmative showing of cause.

2. While the petition was pending before the court of appeals, Dahlin moved the district court for a continuance, but his motion was denied. He then moved the district court to remove the trial judge for cause, but this motion was also denied. Dahlin did not ap-

peal the denial of his motion for removal for cause or request a stay of the proceedings from the court of appeals.

3. In addition to the peremptory removal issue, Dahlin also argued to the court of appeals that the State's evidence was insufficient to prove the element of intent and that the upward durational departure from the presumptive sentence exaggerated the criminality of his conduct. *Dahlin*, 2007 WL 2998956, at *1. These issues are not before us.

4. Dahlin argues that the denial of his right to remove the judge was structural error that cannot be waived. But the issue before us is not the right to an unbiased decision-maker, which is guaranteed by the Constitution. *McKenzie v. State*, 583 N.W.2d 744, 747 (Minn.1998). Rather, the issue presented is this case involves the right to peremptorily remove a judge as provided by a rule of court procedure. Minn. R.Crim. P. 26.03, subd. 13(4). The right to peremptorily remove a judge is waivable, *see State v. Azure*, 621 N.W.2d 721, 724 (Minn.2001) (finding that right to peremptory removal is waivable), and not subject to structural error analysis.

We generally discourage interlocutory appeals, but they are allowed in certain situations. *See* Minn. R. Civ.App. P. 103.03 (discussing appealable orders).[5] Interlocutory review is also available in special circumstances, such as by petition for an extraordinary writ pursuant to Minn. R. Civ.App. P. 120. While interlocutory appeals may be available, they are not necessarily mandatory. *See Kastner v. Star Trails Ass'n,* 646 N.W.2d 235, 240 n. 9 (Minn.2002). But we have previously stated that the right of peremptory removal "'may be waived by failure to seasonably assert it.'" *State v. Azure,* 621 N.W.2d 721, 724 (Minn.2001) (quoting *Jones v. Jones,* 242 Minn. 251, 262, 64 N.W.2d 508, 515 (1954)) (holding that appellant waived his right to seek peremptory removal by failing to file a notice of removal with the court administrator and by failing to bring a motion for removal in a timely manner). And we have made clear that the proper remedy to seek review of an order denying the peremptory removal of a judge is a writ of prohibition. *Azure,* 621 N.W.2d at 725 n. 3; *State v. Cermak,* 350 N.W.2d 328, 331 (Minn.1984); *see State v. Burrell,* 743 N.W.2d 596, 601 (Minn.2008).

The writ of prohibition is the proper remedy because this procedure "prevents a judge from proceeding in a matter where he has been disqualified * * * and 'avoid[s] the possibl[e] * * * waste of time, money, and effort required of all parties by a procedure which might involve two trials and possibly two appeals in order to adjudicate the issue.'" *Azure,* 621 N.W.2d at 725 n. 3 (quoting *Smith v. Tuman,* 262 Minn. 149, 154, 114 N.W.2d 73, 77 (1962)) (citing *State v. Scruggs,* 421 N.W.2d 707, 717 (Minn.1988), for the proposition that a writ of prohibition is often necessary because it is difficult to review pretrial procedures after a fair trial has occurred). To preserve the peremptory removal issue, a party must therefore seek a writ of prohibition from the court of appeals. *Id.* ("Thus, a posttrial appeal to this court was not the appropriate way for appellant to obtain review of the denial of his motion to remove.") Dahlin properly invoked this procedure through the court of appeals.

Pursuant to Minn. R. Civ.App. P. 120.05, denial of a writ of prohibition by the court of appeals is subject to review by this court through petition for review under Minn. R. Civ.App. P. 117. Because Dahlin did not petition this court for review of the court of appeals' denial of a writ of prohibition, the question presented is whether this failure bars him from seeking review of what would, in essence, be the merits of the denial of the writ. We have not previously adopted a rule that requires a party to seek review of a court of appeals ruling on an interlocutory issue in order to preserve review of the issue in this court. But the logical extension of the rule we applied in *Azure* dictates that if a party wishes to obtain review in our court of the denial of the peremptory removal of a judge, that party must petition for review

---

5. Interlocutory appeals from qualifying district court orders are also permitted under the collateral order doctrine, even if those orders are not identified as immediately appealable by the rules of appellate procedure. *St. Croix Dev., LLC v. Gossman,* 735 N.W.2d 320, 325 (Minn.2007). The collateral order doctrine applies to the "small class [of decisions] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *see also Kastner v. Star Trails Ass'n,* 646 N.W.2d 235, 238 (Minn.2002) (stating that review is available, for example, from orders "denying motions to dismiss for lack of personal jurisdiction, subject matter jurisdiction, and government immunity").

of the court of appeals' order denying relief.

The conclusion that a petition for review is required is reinforced by our analysis in *Peterson v. BASF Corp.*, 675 N.W.2d 57, 68 (Minn.2004), *vacated on other grounds*, *BASF Corp. v. Peterson*, 544 U.S. 1012, 125 S.Ct. 1968, 161 L.Ed.2d 845 (mem.) (2005).[6] In the "unique" circumstances presented there, we held that where a party had filed a petition for review, but did not include all issues that were ripe for decision in that petition, that party could not later seek review of those issues in this court. *Id.* The issues we found to be "waived" in *BASF*, which related to choice of law and class certification, involved pure questions of law as presented. *Id.* at 67. We specifically noted that facts necessary for resolution of the choice of law and class certification questions had not changed between the time of the first petition for review and the time when the case came back to our court after judgment had been entered. *Id.* at 68. Because of that "unique procedural history," we concluded that allowing BASF to pursue review following entry of judgment of claims that were "ripe" at the time of the first petition for review "would undermine principles of fairness and judicial economy." *Id.* Accordingly, we held that further review of the legal issues involving choice of law and class certification in our court was waived. *Id.*

Like the issues raised in *BASF*, the question presented here is a legal one. In addition, there is no possibility that the development of a factual record would be relevant in any way to resolution of the question of the applicability of the removal right at issue here. Finally, allowing further review now of the question of whether Dahlin had the right to peremptorily remove the judge after that judge had presided over the new trial "would undermine principles of * * * judicial economy." *Id.*

█ We held in *BASF* that if a party petitions for review, the party must bring all claims then ripe in that petition for review or waive further review of such claims in our court. *Id.* We did not say in *BASF* that the rule we applied there applied in any other context, and we have not otherwise established a general rule that requires a party to petition for review from adverse rulings by the court of appeals on all interlocutory appeals. We likewise establish no such broad rule in this case. To the contrary, our prior precedent recognizes that the peremptory removal of a judge is different from other questions that are subject to permissive interlocutory appeals. The interlocutory review of the denial of a peremptory removal of a judge is not permissive; it is mandatory. It logically follows therefore that if review is sought in our court, it must be done following an adverse ruling on the interlocutory petition in the court of appeals. In order to avoid a waste of time, resources, and effort by the parties and the court system, *cf.* *Azure*, 621 N.W.2d at 725 n. 3, we hold that a party must timely petition this court for review of the denial of a writ of prohibition when the issue involves the right of peremptory removal, and that failure to do so constitutes

---

6. The United States Supreme Court vacated the judgment in *BASF* and remanded the case to this court for reconsideration in light of its recently-decided preemption case of *Bates v. Dow Agrosciences LLC*, 544 U.S. 431, 125 S.Ct. 1788, 161 L.Ed.2d 687 (2005). Because *Bates* involved only the issue of preemption under the Federal Insecticide, Fungicide, and Rodenticide Act, we reviewed only the preemption issue on remand. *Peterson v. BASF Corp.*, 711 N.W.2d 470, 474 (Minn.2006). Our analysis of the procedural issue was not affected by the Supreme Court's vacation of the judgment. *See id.* at 482.

waiver of further review of the removal issue in this court.

We recognize that the rule we announce here is an extension of the principles in *Azure* and *BASF* and that it could be viewed as a departure from the principle that we have recognized elsewhere that the failure to pursue an interlocutory appeal in certain circumstances does not forfeit the right to appellate review. *See Engvall v. Soo Line R.R. Co.*, 605 N.W.2d 738, 745 (Minn.2000) ("The better rule is that failure to appeal from such an interlocutory order or judgment does not result in forfeiture of the right to appeal from the final judgment."). But given the nature of the right at issue in this case, we conclude that a different path is warranted for the unique circumstances presented here. Because our holding could be viewed as a departure from prior practice, we hold that the rule we adopt in this opinion applies prospectively only and that it is not applicable to Dahlin's claim. We therefore proceed to address the merits of Dahlin's appeal.[7]

## II.

Dahlin argues that Minn. R.Crim. P. 26.03, subd. 13(4), guarantees a party the right to peremptorily remove a judge from presiding over a new trial on remand. We review the construction of a rule of procedure de novo. *Azure,* 621 N.W.2d at 723.

Minnesota Rule of Criminal Procedure 26.03, subd. 13(4), "provides for removal as a matter of right of a judge assigned to a criminal trial or hearing." *State v. Cheng,* 623 N.W.2d 252, 256 (Minn.2001). Under the rule, a party may file a notice to remove the judge assigned to its trial within 7 days after the party receives notice of the judicial assignment. Minn. R.Crim. P. 26.03, subd. 13(4). The rule contains an exception to removal as of right, however, by providing: "No notice to remove shall be effective against a judge who has already presided at the trial, Omnibus Hearing, or other evidentiary hearing of which the party had notice * * *." *Id.* Dahlin asserts that this exception does not apply to his notice to remove. Specifically, he argues that remand for a new trial revives the right of peremptory removal, because a new trial is a new determination of guilt and therefore that the judge he sought to remove had not already presided over the trial.[8] We disagree.

In construing procedural rules, we look first to the plain language of the rule and its purpose. *Commandeur LLC v. Howard Hartry, Inc.*, 724 N.W.2d 508, 510 (Minn.2006). Where the language is plain and unambiguous, that plain language must be followed. *See Amaral v.*

7. As an alternative to its argument that Dahlin waived review in this court, the State argues that the law-of-the-case doctrine also precludes us from considering the removal issue. The law-of-the-case doctrine "is a rule of practice that once an issue is considered and adjudicated, that issue should not be re-examined in that court or any lower court throughout the case." *BASF*, 675 N.W.2d at 66. We are not generally barred "from reviewing an earlier decision of a lower court," even if the court of appeals applied the law-of-the-case doctrine. *Id.* Accordingly, the doctrine does not preclude our review of the removal issue.

8. Dahlin cites several cases from foreign jurisdictions in support of this argument. *See Priest v. Lindig,* 591 P.2d 1299, 1301 (Alaska 1979); *People v. Emerson,* 122 Ill.2d 411, 119 Ill.Dec. 250, 522 N.E.2d 1109, 1113 (1987); *State v. Sullivan,* 486 S.W.2d 474, 476 (Mo. 1972); *State v. Belgarde,* 119 Wash.2d 711, 837 P.2d 599, 601–02 (1992). Those cases considered removal rules that do not use the same exception language as that contained in Minn. R.Crim. P. 26.03, subd. 13(4), and are therefore unpersuasive.

*St. Cloud Hosp.*, 598 N.W.2d 379, 384 (Minn.1999). Ambiguity exists only when the language of the rule is subject to more than one reasonable interpretation. *Id.* The rule is read as a whole and each section is interpreted "in light of the surrounding sections to avoid conflicting interpretations." *Am. Family Ins. Group v. Schroedl*, 616 N.W.2d 273, 277 (Minn.2000). Words and phrases are "construed according to rules of grammar and according to their common and approved usage." *Welscher v. Myhre*, 231 Minn. 33, 38, 42 N.W.2d 311, 314 (1950). And "[w]henever it is possible, no word, phrase, or sentence should be deemed superfluous, void, or insignificant." *Amaral*, 598 N.W.2d at 384.

■■■ The plain language of the rule confirms that Dahlin's notice to remove was not effective. There is no question that the judge Dahlin sought to remove had "already presided at the trial" of the State's case against Dahlin. Minn. R.Crim. P. 26.03, subd. 13(4).[9]

■■■ Dahlin argues that because a new trial involves new witnesses and new charges, he therefore should have the peremptory right to remove the judge. But we narrowly construe the right to peremptorily remove a judge. *Cheng*, 623 N.W.2d at 257 (citing *State v. Erickson*, 589 N.W.2d 481, 485 (Minn.1999)).[10] Adopting Dahlin's construction would significantly broaden the scope of the rule. Dahlin argues that the exception, which precludes a notice to remove from operating against a judge who has "presided at the trial, Omnibus Hearing, or other evidentiary hearing," does not apply when new witnesses are presented. Minn. R.Crim. P. 26.03, subd. 13(4). If the exception's applicability is rendered inoperable because of new witnesses or claims presented at a new trial, it would similarly be inoperable if new witnesses were presented at a new evidentiary hearing. Such a broad application of the automatic removal right is inconsistent with our precedent, *see Cheng*,

9. Dahlin cites *McClelland v. Pierce*, 376 N.W.2d 217 (Minn.1985), for the proposition that a new trial is a new proceeding that revives the right of peremptory removal. *McClelland* involved two cases that we had previously remanded to the district court for disposition of spousal maintenance and child support. *Id.* at 218. On subsequent appeal, we considered whether the remand proceedings were new proceedings in which a party could file a notice to remove under Minn. R. Civ. P. 63.03 (1984), and held that "reconsideration of these cases on remand [was] a continuation of the original proceedings, [and] that it [was] not a new proceeding which gives rise to a right of peremptory challenge." *Id.* at 220. We noted that the remand instructions "contemplate[d] neither a new trial nor an evidentiary hearing * * * [but directed] a continuation of the original proceedings." *Id.* at 219; *cf. Hooper v. State*, 680 N.W.2d 89, 92 (Minn.2004) ("A postconviction proceeding is an extension of the criminal prosecution."). *McClelland* is inapposite, however, because the civil removal rule in effect at that time did not include

the exception provision at issue in this case. 376 N.W.2d at 218; Minn. R. Civ. P. 63.03 (1984). The *McClelland* petitioners filed an affidavit of prejudice requesting reassignment to another judge pursuant to Minn. R. Civ. P. 63.03 (1984) on January 11, 1985. *McClelland*, 376 N.W.2d at 218. The exception provision that precludes application of removal as of right where the judge has presided over a proceeding involving a substantive matter went into effect on July 1, 1985. Thus, we had no occasion in *McClelland* to construe this provision.

10. *But see Ellis v. Minneapolis Comm'n on Civil Rights*, 295 N.W.2d 523, 524–25 (Minn. 1980) ("We have often stated that the right to peremptorily challenge a judge is to be liberally construed to safeguard in both fact and appearance the constitutional right to a fair and impartial trial."). *Ellis* is inapposite to this case because it considered the pre–1985 version of the civil removal rule that did not contain the exception provision at issue in this case. *See id.* at 524.

623 N.W.2d at 257, and we decline to adopt it.[11]

■ Examination of the commentary to Minn. R.Crim. P. 26.03, subd. 13(4), regarding the purpose of the rule reinforces the conclusion that Dahlin's notice was not effective. While the commentary is not binding on this court, "the comments are recognized as providing guidance which courts may follow." *State v. Pero,* 590 N.W.2d 319, 326 (Minn.1999). Minnesota Rule of Criminal Procedure 26.03,

subd. 13(4), is based on Minn. R. Civ. P. 63.03.[12] Minn. R.Crim. P. 26 cmt. Originally the civil rule did not include the provision precluding application of removal as of right where a judge had presided over a proceeding involving a substantive matter. *See* Minn. R. Civ. P. 63.03 (1984).[13] The civil rule was "substantially rewritten" in 1985 in order to adapt the rule "to follow in large part the notice of removal procedure established by Minn. Stat. § 542.16 (1982)." [14] Minn. R. Civ. P.

11. The plain language of the rule also confirms that if a different judge had been assigned to the trial on remand, Dahlin's preemptory removal would have been effective because that judge would not have already presided over the trial. Minn. R.Crim. P. 26.03, subd. 13(4).

12. Minnesota Rule of Civil Procedure 63.03 provides:

Any party or attorney may make and serve on the opposing party and file with the administrator a notice to remove. The notice shall be served and filed within ten days after the party receives notice of which judge or judicial officer is to preside at the trial or hearing, but not later than the commencement of the trial or hearing.

No such notice may be filed by a party or party's attorney against a judge or judicial officer who has presided at a motion or any other proceeding of which the party had notice, or who is assigned by the Chief Justice of the Minnesota Supreme Court. A judge or judicial officer who has presided at a motion or other proceeding or who is assigned by the Chief Justice of the Minnesota Supreme Court may not be removed except upon an affirmative showing of prejudice on the part of the judge or judicial officer.

After a party has once disqualified a presiding judge or judicial officer as a matter of right that party may disqualify the substitute judge or judicial officer, but only by making an affirmative showing of prejudice. A showing that the judge or judicial officer might be excluded for bias from acting as a juror in the matter constitutes an affirmative showing of prejudice.

Upon the filing of a notice to remove or if a litigant makes an affirmative showing of

prejudice against a substitute judge or judicial officer, the chief judge of the judicial district shall assign any other judge of any court within the district, or a judicial officer in the case of a substitute judicial officer, to hear the cause.

13. Minnesota Rule of Civil Procedure 63.03 (1984) provides:

Any party or his attorney may make and serve on the opposing party and file with the clerk an affidavit stating that, on account of prejudice or bias on the part of the judge who is to preside at the trial or at the hearing of any motion, he has good reason to believe and does believe that he cannot have a fair trial or hearing before such judge. The affidavit shall be served and filed not less than 10 days prior to the first day of a general term, or 5 days prior to a special term or a day fixed by notice of motion, at which the trial or hearing is to be had, or, in any district having two or more judges, within one day after it is ascertained which judge is to preside at the trial or hearing. Upon the filing of such affidavit, with proof of service, the clerk shall forthwith assign the cause to another judge of the same district, and if there be no other judge of the district who is qualified, or if there be only one judge of the district, he shall forthwith notify the chief justice of the supreme court.

14. Minnesota Statutes § 542.16 (1982) provides:

Subdivision 1. Initial disqualification. Any party, or his attorney, to a cause pending in a district court, within one day after it is ascertained which judge is to preside at

63.03 advisory comm. note—1985. Of particular relevance here is the drafters' "attempt[ ] to make it clear that a party must file a notice to remove with respect to any individual judge the first time that judge presides in *an action.*" *Id.* (emphasis added). The exception for judges who have presided "at a motion or any other proceeding" was inserted to "prevent counsel from using the notice to remove procedures to remove an assigned judge after that judge has presided at one or more pretrial hearings." *Id.* Commentary to Minn. R.Crim. P. 26.03, subd. 13(4) reconfirms this limited purpose: "A judge who has previously presided at the trial, the Omnibus Hearing, or other evidentiary hearing *in the case,* of which a party had notice, may not later be removed *from the case* by that party without a showing of cause." Minn. R.Crim. P. 26.03 cmt. (emphasis added). By using the phrases "an action" and "the case," the drafters confirmed that the purpose of the rules is to give the parties one automatic right to remove a judge before that judge presides over a proceeding involving a substantive issue in the matter. After that point, removal can only be for cause shown. Allowing Dahlin to remove the district court judge under the circumstances presented here, where that judge has already presided over a trial in the case, would conflict with this limited purpose of the rule.

Because the judge Dahlin sought to remove had presided over Dahlin's first trial, we hold that Dahlin's notice of peremptory removal was not effective. We therefore affirm the conviction.

Affirmed.

MAGNUSON, C.J., not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

the trial or hearing thereof, or at the hearing of any motion or order to show cause, may make and file with the clerk of the court in which the action is pending and serve on the opposite party a notice to remove. Thereupon without any further act or proof, the chief judge of the judicial district shall assign any other judge of any court within the district to preside at the trial of the cause or the hearing of the motion or order to show cause, and the cause shall be continued on the calendar, until the assigned judge can be present. In criminal actions the notice to remove shall be made and filed with the clerk by the defendant, or his attorney, not less than two days before the expiration of the time allowed him by law to prepare for trial and in any of those cases the presiding judge shall be incapacitated to try the cause. In criminal cases, the chief judge, for the purpose of securing a speedy trial, may in his discretion change the place of trial to another county.

Subd. 2. Subsequent disqualifications. After a litigant has once disqualified a presiding judge as a matter of right under subdivision 1, he may disqualify the substitute judge, but only by making an affirmative showing of prejudice. A showing that the judge might be excluded for bias from acting as a juror in the matter constitutes an affirmative showing of prejudice. If a litigant makes an affirmative showing of prejudice against a substitute judge, the chief judge of the judicial district shall assign any other judge of any court within the district to hear the cause.