In re Luke Anthony IHDE, Petitioner

In re the Marriage of Denel
Rae Ihde, Respondent,

v.

Luke Anthony Ihde, Petitioner.

No. A11–273.

Court of Appeals of Minnesota.

June 27, 2011.

Steven M. Dittrich, Dittrich & Lawrence, P.A., Rochester, MN, for petitioner.

Gail D. Baker, Baker Law Offices, Rochester, MN, for respondent.

Considered and decided by JOHNSON, Chief Judge; PETERSON, Judge; and WRIGHT, Judge.

## SPECIAL TERM OPINION

JOHNSON, Chief Judge.

The issue before a special-term panel of this court is whether, upon a motion to modify child custody, a party to the motion may compel the removal of the assigned district court judge despite the fact that the judge previously presided over the party's dissolution trial. The district court denied a notice of removal, and we now deny a petition for a writ of prohibition that seeks the same relief.

## FACTS

Luke Ihde and Denel Ihde are the parents of three minor children. Their mar-

riage was dissolved by judgment and decree in December 2005. At a five-day trial in 2007, the parties contested the issues of child custody, parenting time, child support, allocation of marital property and debts, and attorney fees. The district court judge who presided at trial made numerous findings on the credibility of the parties and the best interests of the children and entered a judgment and decree in June 2007. The district court concluded that Denel Ihde should have sole legal and physical custody of the children, subject to Luke Ihde's scheduled parenting time. The trial judge expressed concern about the number of district court judges who had been "directly involved with the temporary orders" in the case and, accordingly, included a provision in the judgment and decree directing that the case remain with the trial judge if additional orders were necessary so as "to provide some continuity for both the children and the parties." Neither party appealed from the 2007 judgment.

Approximately five months after the final judgment, the parties appeared before the trial judge in connection with contempt proceedings. Luke Ihde moved to disqualify the judge on the basis of bias or prejudice. *See* Minn. R. Civ. P. 63.02. The limited record available to this court does not indicate whether the trial judge made a formal ruling on that motion, but the trial judge presided over two contempt hearings and issued a decision finding Luke Ihde in contempt in December 2007. Neither party appealed from that decision.

Three years later, in December 2010, Luke Ihde moved to modify physical custody of one of the children and sought an *ex parte* order for immediate physical custody of the child. The motion was reviewed by a district court judge who had not previously presided over any part of the district court file. The district court judge denied

*ex parte* relief and indicated that the motion to modify custody should be scheduled for the "regular motion calendar." The motion later was assigned to the trial judge. Luke Ihde filed a notice to remove the trial judge pursuant to Minn. R. Civ. P. 63.03. The trial judge denied the notice to remove.

Luke Ihde then petitioned this court for a writ of prohibition. Denel Ihde opposed the petition. We denied the petition in an order, which stated that a published opinion would follow.

## DECISION

The rule of civil procedure that is at issue provides, in relevant part, as follows:

> Any party or attorney may make and serve on the opposing party and file with the administrator a notice to remove. *The notice shall be served and filed within ten days after the party receives notice of which judge or judicial officer is to preside at the trial or hearing, but not later than the commencement of the trial or hearing.*
>
> *No such notice may be filed by a party or party's attorney against a judge or judicial officer who has presided at a motion or any other proceeding of which the party had notice,* or who is assigned by the Chief Justice of the Minnesota Supreme Court. A judge or judicial officer who has presided at a motion or other proceeding or who is assigned by the Chief Justice of the Minnesota Supreme Court may not be removed except upon an affirmative showing of prejudice on the part of the judge or judicial officer.

Minn. R. Civ. P. 63.03 (emphasis added).

A petition for a writ of prohibition is the proper means of challenging a district court judge's denial of a notice of

removal. *McClelland v. Pierce*, 376 N.W.2d 217, 219 (Minn.1985). A writ of prohibition may be issued only if "(1) an inferior court or tribunal is about to exercise judicial or quasi-judicial power; (2) the exercise of such power is unauthorized by law; and (3) the exercise of such power will result in injury for which there is no adequate remedy." *State v. Deal*, 740 N.W.2d 755, 769 (Minn.2007) (quotation and alterations omitted).

In his petition, Luke Ihde relies on *McClelland*, in which the supreme court held that a party to a dissolution proceeding may not remove a district court judge after an appellate court reverses an award of spousal maintenance and remands for additional proceedings. *McClelland*, 376 N.W.2d at 218, 220. The issue for the supreme court was whether the attempted removal was timely. *Id.* at 219. The supreme court held that "reconsideration ... on remand is a continuation of the original proceedings," rather than "a new proceeding which gives rise to a right of peremptory" removal of the assigned judge. *Id.* at 220. In *dictum*, the supreme court commented that a motion for modification of an existing maintenance obligation, which requires a demonstrated change in circumstances and the consideration of new evidence, would constitute "a new proceeding," with a new "right of the parties to invoke the automatic reassignment provisions of Rule 63.03." *Id.* at 219.

Luke Ihde seeks to exploit *McClelland*'s dictum by arguing that his motion to modify child custody constitutes a new proceeding, which renews his right to remove the assigned judge. But the *McClelland* court considered a former version of rule 63.03, and the supreme court's *dictum* in *McClelland* must be understood in the context of that version of the rule. The former version of rule 63.03 contained no exception for a judge who had previously presided over a motion hearing or other matter in the same case. *See* Minn. R. Civ. P. 63.03 (1984).

Since *McClelland*, rule 63.03 has been amended in significant ways, which bear directly on the issue in this case. In fact, the rule was "substantially rewritten" in 1985. Minn. R. Civ. P. 63.03, 1985 advisory comm. note. The amended rule precludes the removal of a judge who previously "presided at a motion or any other proceeding of which the party had notice." Minn. R. Civ. P. 63.03 (2011). The rules committee expressed its intent to "make it clear that a party must file a notice to remove with respect to any individual judge the first time that judge presides in an action," to prevent the removal of a judge "after that judge has presided at one or more pretrial hearings," to require that any decision to remove the assigned judge "be made before any proceedings before that judge take place," and to preclude removal "absolutely" once a "trial or hearing commences," without regard for "the length of time during which the parties have known the identity of the judge" assigned. *Id.*

Thus, the version of the rule at issue in *McClelland* did not address the situation in which litigants appear before an assigned judge on a second or subsequent occasion. Given the absence of any such language in the former version of the rule, the supreme court was required to determine whether the rule applied to a matter that had been remanded by an appellate court. But the current version of the rule, which applies here, contains language that speaks directly to the situation presented by this case. The first sentence of the second paragraph of the rule now provides, "No such notice may be filed by a party or party's attorney against a judge or judicial officer who has presided at a motion or any other proceeding of which the party

had notice...." Minn. R. Civ. P. 63.03 (2011).

We may rule on the petition by applying the plain language of the rule. *See State v. Dahlin,* 753 N.W.2d 300, 305 (Minn. 2008) (relying on plain language of similar provision in Minn. R.Crim. P. 26.03, subd. 13(4)). Because the district court judge assigned to the motion to modify child custody had presided over the dissolution trial, the judge could not be removed without cause pursuant to rule 63.03.[1] *See id.* at 308 (holding that, upon retrial necessitated by reversal and remand, criminal defendant may not remove judge who presided at first trial); *see also In re Welfare of R.T.,* 364 N.W.2d 884, 887 (Minn.App. 1985) (indicating that adverse rulings are insufficient to establish bias under Minn. R. Civ. P. 63.02).

 Luke Ihde contends that, despite the first sentence of the second paragraph of rule 63.03, his motion to modify child custody should be deemed to be separate from the dissolution trial because motions to modify child custody are "special proceedings." *See Angelos v. Angelos,* 367 N.W.2d 518, 520 (Minn.1985). The caselaw on which he relies, however, addresses the appealability of orders deciding motions to modify. *See id.* But appealability is not at issue in this case. Furthermore, in *Angelos,* the supreme court stated that a "special proceeding" is "not an integral part of the original action" but, rather, is "separate and apart" and independent from the original action. *Id.* at 520 n. 2 (quotation omitted). A motion to modify child custody may be separate from the original dissolution trial, but it plainly is dependent on the dissolution trial, which provides the basis for the district court's "continuing jurisdiction" over the case. *Id.* at 519. Accordingly, even if we were inclined to apply *Angelos,* we would conclude that a motion to modify child custody is not an independent action that gives rise to a new right to remove an assigned judge.

In sum, the plain language of rule 63.03 precludes Luke Ihde from removing the judge assigned to his motion to modify child custody, absent a showing of bias or prejudice, because the judge presided over the dissolution action before the judgment and decree.

**Writ denied.**

---

1. We note that this is not a case within the legislative authorization of projects in certain judicial districts for the assignment of related cases "to a single judge or referee," Minn. Stat. § 484.78 (2010), nor is it within the supreme court's authorization of pilot projects in certain districts in which multiple cases involving the same parties may be assigned to the same judge or referee, *see Griffis v. Luban,* 601 N.W.2d 712, 715 (Minn.App. 1999) (referring to second district's "one-family, one-judge" project).